TODD et al. v. WHITAKER.

(District Court, E. D. Pennsylvania. October 15, 1914.)

No. 1223.

1. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—PLEADING.
 The complainant in an infringement suit cannot be required to fix in his bill the date of the invention of the patented device.
 [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

2. Patents (§ 310*)—Suit for Infringement—Pleading.

   Where the answer in an infringement suit pleads anticipation by a prior device which may be made the subject of an exhibit, the defendant will not be required to set out drawings of such device, but complainant may be entitled to an inspection of the same before the taking of testimony.

   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. § 310.*]

In Equity. Suit by George W. Todd and Libanus M. Todd, doing business as G. W. Todd & Co., against John Whitaker, doing business as the J. Whitaker Manufacturing Company. Sur motions for further particulars of bill and answer. Motion denied.

Cyrus N. Anderson, of Philadelphia, Pa., and Church & Rich, of Rochester, N. Y., for plaintiffs.

Howson & Howson, of Philadelphia, Pa., for defendant.

DICKINSON, District Judge. Plaintiff and defendant have each entered motions on the other for further particulars of answer and bill. Counsel have agreed to furnish to each other the further particulars asked for, except in these two respects: (1) The defendant asks that the plaintiff be required to state the date of the invention of the patented device. (2) The plaintiff asks that defendant be required to furnish drawings of the device which the answer sets up to have been an anticipation of that of the plaintiff.

[1] We see no occasion to make either order asked to be made. To require the plaintiff to fix the date of his invention would be an innovation in pleading, and a dangerous one. The defendant's motion is overruled.

[2] The motion of the plaintiff is likewise overruled. Where the answer sets up the existence of some concrete thing which may be made the subject of an exhibit as a publication, drawing, photograph, or device which is claimed to be an anticipation of the patented device, and which is proposed to be made the subject of expert testimony, the plaintiff may fairly ask to have it submitted in advance to the inspection of expert witnesses for the plaintiff. If a request for opportunity to make this inspection be denied, or if what is offered in evidence differs from what was submitted for inspection, the present rules furnish the means of preventing a plaintiff from being taken by surprise.

Rule 48 (198 Fed. xxxi, 115 C. C. A. xxxi) would furnish all the information which could fairly be asked, and there would seldom be occasion to resort to it. The discretion of the trial judge can readily afford all the additional protection required.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes