### KINNEY v. RICE.

(District Court, D. Massachusetts. February 24, 1916.)

No. 412.

COURTS ☞347—PLEADING—VERIFICATION.

Under equity rule 18 (198 Fed. xxiii, 115 C. C. A. xxiii), which provides that "unless otherwise prescribed by statute or these rules the technical forms of pleadings in equity are abolished," and rule 24 (198 Fed. xxiv, 115 C. C. A. xxiv), providing that every bill or other pleading shall be signed individually by one or more solicitors of record, and such signatures shall be considered as a certificate by each solicitor that he has read the pleading, that upon instructions given him there is good ground for the same, and that it contains no scandalous matter and is not interposed for delay, a defendant is not required to sign his answer individually, nor need it be verified by his oath, or that of any person in his behalf.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ☞347.]

In Equity. Suit by Robert D. Kinney against Elmer C. Rice. On motion to strike out amended answer. Denied.

See, also, 238 Fed. 444.

Robert D. Kinney, of Philadelphia, Pa., pro se.

Patton & Sloan and John S. Patton, all of Boston, Mass., for defendant.

BINGHAM, Circuit Judge. This is a bill in equity for discovery in aid of an action at law for deceit arising out of alleged false and fraudulent representations of the defendant in the sale of certain pigeons to the plaintiff. An answer and demurrer were filed to the original bill, setting out certain defects therein and stating certain objections to the interrogatories filed therewith. November 14, 1913, the case came up for hearing on the answer and objections to the interrogatories, and the court, being of the opinion that the defects in the bill, if any, could be cured by amendment, granted leave to the plaintiff to amend his bill in such particulars as he might deem necessary to meet the defendant's objections, and granted the defendant five days after the amended bill was filed within which to file a new or amended answer. An amended bill and answer were subsequently filed, and the case is now before the court on the plaintiff's motion to strike out the answer on the grounds (1) that it is not signed by the defendant; (2) that it is not verified by the oath of the defendant; and (3) that it sets up new matter in pais not made a part of the original answer.

It is conceded by the defendant that, prior to the new equity rules, the practice was to require the defendant to sign his answer and make oath to the truth of the facts set forth therein; but his contention is that, since the new equity rules went into effect, the answer must be signed by the solicitor of record and need not be verified by an oath. In this case the defendant's answer was signed by his solicitor of record.

Rule 24 (198 Fed. xxiv, 115 C. C. A. xxiv) provides:

"Every bill or other pleading shall be signed individually by one or more solicitors of record, and such signatures shall be considered as a certificate by each solicitor that he has read the pleading so signed by him; that upon the instructions laid before him regarding the case there is good ground for the same; that no scandalous matter is inserted in the pleading; and that it is not interposed for delay."

And rule 18 (198 Fed. xxiii, 115 C. C. A. xxiii) provides:

"Unless otherwise prescribed by statute or these rules the technical forms of pleadings in equity are abolished."

No statute of the United States or rule in equity has been called to my attention, and I know of none, which requires the defendant to sign individually his answer, or that it should be sworn to or verified by his oath, or that of any person in his behalf. Luten v. Camp (D. C.) 221 Fed. 424, 427.

Rule 26 (198 Fed. xxv, 115 C. C. A. xxv) prescribes before whom pleadings, which are required by statute or the rules to be sworn to, may be verified. The only occasions, under the rules, where verification

is required, are under rule 25 (198 Fed. xxv, 115 C. C. A. xxv), where, "if special relief pending the suit be desired, the bill should be verified by the oath of the plaintiff, or some one having knowledge of the facts upon which such relief is asked," and on a petition for rehearing, under rule 69 (198 Fed. xxxviii, 115 C. C. A. xxxviii), where it is provided that "every petition for a rehearing shall contain the special matter or cause on which such rehearing is applied for, shall be signed by counsel, and the facts therein stated, if not apparent on the record, shall be verified by the oath of the party or by some other person." Neither of these provisions relate to the question under consideration.

The reason why the answer to a bill of discovery is not now required to be signed and sworn to is probably due to the fact that, under rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), interrogatories looking to discovery may be filed by the plaintiff or defendant without being made a part of the bill or answer, and that the party interrogated is required to sign his answers to the interrogatories and make oath to the same. The interrogatories and answers are not made a part of the pleadings in the case. Luten v. Camp, supra.

Rule 19 provides:

"The court may at any time, in furtherance of justice, upon such terms as may be just, permit any process, proceeding, pleading, or record to be amended, or material supplemental matter to be set forth in an amended or supplemental pleading. The court, at every stage of the proceeding, must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."

The leave granted to the plaintiff in this case to amend his bill and to the defendant to file a new or amended answer was in pursuance of the power vested in the court under this rule. The fact that the defendant has set up in his answer that the bill cannot be maintained on the ground that the discovery asked, if granted, would tend to incriminate him, was within the leave granted November 14, 1913. Moreover, by rule 29 (198 Fed. xxvi, 115 C. C. A. xxvi) all demurrers and pleas are abolished, and "every defense in point of law arising upon the face of the bill, whether for misjoinder, nonjoinder, or insufficiency of fact to constitute a valid cause of action in equity, which might heretofore have been made by demurrer or plea, shall be made by motion to dismiss or in the answer." The new ground of defense set out in the answer presents a question of law, not of fact. And, inasmuch as the defendant could not raise the question by demurrer, he complied with the rule by raising it in his answer.

Under the circumstances of this case, I am of the opinion that the plaintiff's motion to dismiss the answer should be denied; and the order is:

Motion denied.