### LUTEN v. CAMP et al.

(District Court, E. D. Pennsylvania. March 17, 1915.)

No. 1297.

1. COURTS ☞351—EQUITY RULES—WAIVER OF ANSWER UNDER OATH.

Under equity rule of practice 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), providing for the filing of interrogatories by either party at any time after filing the bill or answer, and not later than 21 days after the joinder of issue, for discovery from the party of facts and documents necessary to the support or defense of the cause, when construed with the rules prescribing the pleadings, and in view of the recognized purpose of the rules to simplify pleading and expedite the taking of testimony and the final hearing, the interrogatories are no longer part of the pleadings, as they formerly were, and a waiver of oath to the answer does not relieve the defendant from answering the interrogatories.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ☞351.]

2. COURTS ☞351—EQUITY RULES—MATTERS INQUIRED ABOUT—EVIDENCE.

Under equity rule of practice 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), entitling plaintiff to a discovery of facts material to the support of the

cause, and authorizing the court or judge to make orders for the production of documents in the possession of either party containing evidence material to the cause of action or defense of the other party, a party may interrogate his adversary as to the facts on which his cause of action is based, but not as to mere evidence or facts tending to prove the nature of the case, or facts tending to prove the main facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ☞351.]

3. PATENTS ☞292—EQUITY RULES—MATTERS INQUIRED ABOUT—MATERIALITY.
In a suit against a county, a bridge contractor, and a bridge designer to restrain an infringement of a patent for reinforced concrete construction, proof that the contract for the bridge and the blueprints contained therein infringed the patent, and that they were prepared or adopted by the defendants, is necessary to establish the right to relief, and plaintiff can therefore interrogate the defendants in relation thereto.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ☞292.]

4. PATENTS ☞292—EQUITY RULES—SECONDARY EVIDENCE.
Interrogatories as to the precise showing by lines, letters, figures, and characters on blueprints are improper, since the prints themselves are the best evidence, and, if in the possession of the defendants, their production may be compelled by order of the court.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ☞292.]

5. PATENTS ☞292—EQUITABLE RULES—MATTERS INQUIRED ABOUT—EVIDENCE.
It is also improper to propound interrogatories requiring a comparison between the blueprints and the plaintiff's plans, which is a matter for expert testimony, or to be determined by inspection of the documents at the trial, and is merely evidentiary, and not a fact in support of plaintiff's case.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446; Dec. Dig. ☞292.]

In Equity. Suit by Daniel B. Luten against Carl R. Camp and others for injunction to restrain infringement of a patent. On objections to plaintiff's interrogatories. Objections overruled in part, and sustained in part.

Wm. Steell Jackson, of Philadelphia, Pa., and Arthur M. Hood, of Indianapolis, Ind., for plaintiff.

Augustus B. Stoughton, John A. Brown, and Henry P. Brown, all of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. The plaintiff has filed interrogatories, under Supreme Court equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), for the discovery by the defendants of facts and documents alleged to be material to the support of the cause. At the argument the defendants summarized the objections as follows:

(1) The oath to the answer having been waived by the plaintiff in his bill, discovery is also waived, and the defendants are not obliged to make any answer to the interrogatories filed in support of the discovery.

(2) The interrogatories involve evidence and facts tending to prove the nature of the case and the facts on which it is based, which are not proper to be inquired into.

[1] 1. The first objection raises a question of equity practice under the Supreme Court rules of November 4, 1912, which does not appear to have been decided in any reported case. Under the prior equity rules 40, 41 (198 Fed. xxix, 115 C. C. A. xxix), 42 and 43 (198 Fed. xxx, 115 C. C. A. xxx), where it was desired to interrogate a defendant specially upon any part of the bill to obtain discovery, the interrogatories were filed with and made part of the bill. The effect of waiver in the bill to an answer under oath was well settled under the practice prevailing under the former rules, namely, that an answer to a bill was not evidence in defendant's favor, unless sworn to, and, if sworn to, where an oath had been waived in the bill, it was not evidence against the party so waiving it, and therefore a waiver in the bill of an oath to the answer waived discovery. Tillinghast v. Chance (C. C.) 121 Fed. 435; Excelsior Wooden Pipe Co. v. City of Seattle, 117 Fed. 140, 55 C. C. A. 156; McFarland v. Bank (C. C.) 132 Fed. 399; Calahan v. Holland-Cook Mfg. Co. (D. C.) 201 Fed. 607.

As stated by the Supreme Court in Union Bank of Georgetown v. Geary, 5 Pet. 98, 8 L. Ed. 60:

"We are inclined to adopt it as a general rule, that an answer, not under oath, is to be considered merely as a denial of the allegations in the bill, analogous to the general issue at law, so as to put the complainant to the proof of such allegations."

And in Huntington v. Saunders, 120 U. S. 80, 7 Sup. Ct. 356, 30 L. Ed. 580, the Supreme Court said:

"It is not a bill of discovery, because the answer under oath of the defendant is expressly waived. No interrogatories are propounded to either of the defendants; no effort made to obtain from them, or either of them, by way of sworn answer, anything which could be used as evidence in the case. An issue of a general denial of the truth of the bill would leave nothing on which evidence could be introduced."

In order to determine the effect under the present equity rules of the plaintiff's waiver of an answer under oath, it should be borne in mind that the recognized purpose of the new rules is to simplify pleadings and to expedite the taking of testimony and final hearing. Under rule 25 (198 Fed. xxv, 115 C. C. A. xxv) the plaintiff's case is to be set forth in the bill by "a short and simple statement of the ultimate facts upon which the plaintiff asks relief, omitting any mere statement of evidence." Under rule 30 (198 Fed. xxvi, 115 C. C. A. xxvi) it is provided that:

"The defendant in his answer shall in short and simple terms set out his defense to each claim asserted by the bill, omitting any mere statement of evidence and avoiding any general denial of the averments of the bill, but specifically admitting or denying or explaining the facts upon which the plaintiff relies, unless the defendant is without knowledge, in which case he shall so state, such statement operating as a denial. * * * The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

Under rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii):

"Unless the answer assert a set-off or counterclaim, no reply shall be required without special order of the court or judge, but the cause shall be deemed at issue upon the filing of the answer, and any new or affirmative matter therein shall be deemed to be denied by the plaintiff."

Rule 46 (198 Fed. xxxi, 115 C. C. A. xxxi) provides that the testimony of witnesses shall be taken orally in open court unless exceptional conditions arise, and under rule 47 (198 Fed. xxxi, 115 C. C. A. xxxi) depositions are to be taken only for good and exceptional cause for departing from the general rule.

Under rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) substantial and radical changes have been effected in the practice as regards discovery and the filing of interrogatories, among which are the following: The privilege of discovery has been extended to the defendant. Interrogatories filed by the plaintiff are not made a part of the bill of complaint. Interrogatories filed by the defendant and defendant's answers to plaintiff's interrogatories are not made a part of the answer to the bill. Interrogatories are not pleadings. Plaintiff may file interrogatories for discovery after issue.

As regards discovery to interrogatories set out in the bill, under the former rules the cases cited above, in relation to the effect of waiver of answer under oath, are based upon the well-established rule that, where the plaintiff calls upon the defendant to answer under oath, he thereby makes the sworn answer evidence in the defendant's favor, and, where the defendant is specially interrogated in the bill, the waiver of an oath relieves the defendant from requirement to answer the matters as to which he is specially interrogated, and leaves the case at issue upon unsworn pleadings.

But under rule 58 the interrogatories are no part of the pleadings. If they were to be so considered, so also would answers to the interrogatories. And if the defendant filed interrogatories, the plaintiff's answers would become part of the pleadings. Such a result would be clearly repugnant to rule 31, for, under that rule, unless the answer asserts a set-off or counterclaim, the pleadings are confined to the bill and answer. It is apparent that, in furtherance of the purpose of simplifying the pleadings and of expediting the ascertainment of the facts and final hearing, the purpose of rule 58 was to provide for a simple practice equally open to either party for interrogating the other without such interrogatories becoming part of the pleadings. As stated by Judge Baker in the case of Bronk v. Charles H. Scott Co., 211 Fed. 338, 128 C. C. A. 17:

"Undoubtedly the purpose of authorizing interrogatories was to enable the court to make a summary disposition of a cause by applying the law to an admitted state of facts."

In the present bill oath is waived to the answer, which is not under any rule required to be under oath. The waiver was not intended to refer to answers to interrogatories which are no part of the bill, and which were not then filed, and are not required to be filed until some time after the filing of the bill. The waiver of the answer under oath must be held, therefore, to apply to the answer as a pleading, and not

to answers to interrogatories, which are provided under rule 58 "for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause."

As I interpret rule 58, in connection with the rules regulating the pleadings, the reasons upon which the effect of the waiver of an answer under oath was based do not exist under the present rules, and an application of the rule that a waiver of an answer under oath waives discovery would avoid the purposes of the new rules and be contrary to their intent. It follows that the defendants should be required to answer the interrogatories, unless they involve evidence and facts which are not proper to be inquired into.

2. The interrogatories are objected to on account of immateriality and irrelevancy, and because they seek discovery of evidence and facts not proper to be inquired into. The plaintiff alleges infringement of his patents by the defendants, in that the commissioners of Bucks county, defendants, entered into a contract with the defendant Camp, whereby Camp, under the supervision and direction of the defendant Martin, was to build a reinforced concrete bridge according to plans, specifications, and instructions produced and supplied by Martin embodying the material and substantial parts of the plaintiff's inventions as described in the letters patent; that the defendant Martin delivered such plans and specifications to the defendants the county commissioners, with the intention and purpose that the plans and specifications should be used as a basis for such contract; that the instructions produced and supplied by the defendant Martin for the erection of the bridge infringed upon the letters patent; and that the delivery of the plans and specifications by Martin to the county commissioners was upon the terms and conditions that Martin should receive a fee for the production thereof.

[2] The bill prays for an injunction and accounting. Under equity rule 58, the plaintiff is entitled to discovery by the defendants of facts material to the support of the cause. The rule further provides that the court or judge may make all such orders as may be appropriate to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary. In the recent case of P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634, at page 636, Judge Sanborn says:

"In regard to the interrogatories which were filed under rule 58 of the equity rules, * * * either party has a right to require the other to answer questions relating to material matters. This rule was in substance taken from order 31 of the English equity rules of practice, which has been in force for a considerable time, and has been construed and applied in very many English cases. It is well settled by these decisions that the disclosure of evidence is not required. The nature of the case and the facts supporting it may be required to be stated. Mere evidence or facts tending to prove the nature of the case, or the facts upon which it is based, are quite generally held not proper to be inquired into. Marriott v. Chamberlain, 17 Q. B. D. 154; Hooton v. Dalby [1907] 2 K. B. 18."

As I construe the last sentence cited above of Judge Sanborn's opinion, it means that it is not proper to inquire into mere evidence, or facts tending to prove the nature of the case, or *facts tending to prove the*

*facts* upon which it is based, not that it is not proper to inquire into the facts upon which the case is based.

[3] The substantial issue is whether the defendants have infringed the plaintiff's patents. The materiality and relevancy of the contract and blueprints is dependent upon the plaintiff establishing (1) that they infringe, and (2) that they were produced by or under the direction of any of the defendants leading up to the contract, or are part of a contract entered into between any of the defendants. As the question of infringement cannot be determined, except at the trial, it would be impracticable at this time to pass upon the relevancy or materiality of the questions relating to defendants' connection with the blueprints and with the contract. In support of the bill, it is necessary for the plaintiff to establish both of these elements. If it fails in either, its case falls. In support of his case, therefore, he is entitled to have answers to the questions in relation to the connection of the defendants with the blueprints and contract. The objections to the following interrogatories are therefore overruled: Nos. 1, 4, 5, 7, 11, 12, 13, the first part of No. 15, Nos. 17, 18, 19, 20, and 22.

[4] Interrogatories Nos. 2, 6, 9, 15, and 16 inquire of the defendants what was the precise showing by lines, letters, figures, and characters of certain sets of blueprints concerning which the defendants are questioned in other interrogatories as to their being used preliminary to, as a basis for, and as part of the contract alleged in the bill to have been entered into for the construction of the reinforced concrete bridge alleged to infringe the plaintiff's patents. If these blueprints are in the possession of the defendants, the plaintiff is entitled, upon proper showing, to have an order made for their production and inspection: but as the blueprints themselves are the best evidence of their contents, the defendants cannot be required in advance of the trial to furnish copies, nor can they be questioned as to their contents unless the originals, being in their possession, are not produced, or unless the originals are shown to have been destroyed or lost, or to be beyond the power of the plaintiff to produce.

[5] Interrogatories 3, 21, and 23 require a comparison between certain sets of blueprints inquired about and a set of blueprints attached to the interrogatories and marked "Luten Plans." Such a comparison cannot be required of the defendants, because it is a matter to be established by expert testimony or by inspection of the documents at the trial, and because the opinion of the defendants is merely evidentiary in character and not a fact in support of the plaintiff's cause. Todd v. Whitaker (D. C.) 217 Fed. 319.

Interrogatories 8, 9, in so far as it inquires concerning the contract, 10, and 14 are all objectionable, as requiring the defendants to testify to the contents of documents which it is within the power of the plaintiff to have produced for inspection.

The objections to Nos. 2, 3, 6, 8, 9, 10, 14, 16, 21, and 23 are sustained.