J. H. DAY CO. v. MOUNTAIN CITY MILL CO. et al.

(District Court, E. D. Tennessee, S. D. July 23, 1915.)

No. 10.

1. COURTS ⬦⧫351—EQUITY RULES—DISCOVERY—MATTERS OF ⋅INQUIRY—"AD-VERSARY."

Equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), providing that plaintiff, within 21 days after filing the bill, and defendant, within 21 days after joinder of issue, and either party thereafter by leave or court, may file interrogatories for discovery by the opposite party of facts and documents material to the support or defense of the cause, and that the court may make all orders appropriate to enforce answers or to effect the inspection or production of documents in the possession of either party, and containing evidence material to the cause of action or defense of his "adversary," that is, the interrogating party, merely changes the procedure in reference to obtaining discovery, and extends the right to defendant, as well as plaintiff, but does not extend the right to either beyond the matters relating to his own ground of action or defense, though if they do relate thereto, he is not deprived of right of discovery thereof because they also pertain to the case of the other party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⬦⧫351.]

2. COURTS ⬦⧫351—EQUITY RULES—DISCOVERY—MATTERS OF INQUIRY—MATERIAL FACTS.·

Under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), providing for discovery "of facts and documents material to the support or defense of the cause," it must be limited to an inquiry as to material facts, and does not extend to a disclosure of evidence, or of facts which merely tend to prove the material facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⬦⧫351.]

In Equity. Bill by the J. H. Day Company against the Mountain City Mill Company and others, for alleged infringement of patent. Written interrogatories filed by defendants after answer, for discovery by plaintiff. On objections thereto filed by plaintiff. Objections sustained.

James L. Hopkins, of St. Louis, Mo., and Cooke, Swaney & Hope, of Chattanooga, Tenn., for plaintiff.

Watkins & Watkins, of Chattanooga, Tenn., and Emery, Booth, Janney & Varney, of Boston, Mass., for defendants.

SANFORD, District Judge. The 58th Equity Rule, promulgated by the Supreme Court in 1912 (198 Fed. xxxiv, 115 C. C. A. xxxiv) provides that:

"The plaintiff at any time after filing the bill and not later than twenty-one days after the joinder of issue, and the defendant at any time after filing his answer and not later than twenty-one days after the joinder of issue, and either party at any time thereafter by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause. * * * The court or judge, upon motion and reasonable notice, may make all such orders as may be appropriate to enforce answers to interrogatories or to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary."

[1] Prior to the adoption of this rule it was well settled that a complainant was entitled to a discovery of such facts and documents only as would aid in the maintenance of his own title or cause of action, and not to matters that related exclusively to the defendant's title or ground of defense; and that interrogatories which went beyond this and sought a disclosure of the defendant's title or claim, having no relation to the complainant's title or cause of action, were inquisitorial and unwarranted. Kelley v. Boettcher (8th Circ.) 85 Fed. 55, 60, 29 C. C. A. 14; McClaskey v. Barr (C. C.) 40 Fed. 559, and authorities therein cited; 2 Street's Fed. Eq. Pract. s. 1872, p. 1126. This rule did not, however, defeat the complainant's right to discovery in the case where the matter in question happened to pertain both to the complainant's title or cause of action and to the defendant's title or ground of defense. 2 Street's Fed. Eq. Pract. supra.

After careful consideration I think it clear that the 58th Equity Rule was intended merely to change the procedure in reference to obtaining discovery and to extend this right to a defendant as well as to a plaintiff, and was not intended to change the long established rule in reference to the subject matter of such discovery or to extend such right in favor of either party beyond the matters relating to his own ground of action or defense, respectively, and enable him to obtain discovery in reference to matters relating solely to the ground of action or defense of the other party. In other words, under this rule the plaintiff's right of discovery extends only to facts resting in the knowledge of the defendant or documents in his possession material to the support of the plaintiff's case; and the defendant's correlative right of discovery, only to facts and matters material to his defense; and neither is entitled to discovery of an inquisitorial character as to the ground of action or defense of the other; although, as theretofore, the right to such discovery as to matters material to the cause of action or defense of the interrogating party will not be defeated by the fact that such matters also involve the ground of defense or action of the interrogated party. This construction of the rule is, I think, emphasized by the fact that the plaintiff is given the right to file interrogatories at any time after his bill is filed, although the answer may not have yet been filed, and at a time when the interrogatories can relate only to his own cause of action; while, on the other hand, the defendant is given no right to file interrogatories until after his answer has been filed, thus indicating that the discovery to which he is entitled is to relate to the ground of defense set forth in the answer, and not to the plaintiff's cause of action, as to which the interrogatories might have been filed before the answer, if such right had been contemplated by the rule. Furthermore the concluding phrase in the language of the rule as above quoted, providing that the court or judge may make such orders as may be appropriate to enforce answers to interrogatories or the production of documents "in the possession of either party and containing evidence material to the cause of action or defense of his adversary," clearly shows, from its grammatical construction, that the matters as to which a discovery may be obtained must be material to the cause of action or defense of the interrogating party, the "adversary" clearly referred to in the rule.

This construction of the rule furthermore finds strong support, by analogy, in the fact that under state statutes authorizing the examination of parties before trial at the instance of the adverse party, operating as a substitute for discovery in equity, such examination will not be permitted to enable the examining party—

"to ascertain the evidence on which the opposite party bases his cause of action or defense, or to ascertain the names of his witnesses, or for the purpose of aiding the party in the preparation of his case for trial." 14 Cyc. 342; and cases cited in notes 37, 38 and 39.

So under statutes providing for the production of books or papers of the adverse party, production will not be permitted to enable a party—

"to ascertain the evidence on which his opponent's action or claim rests, unless the claim is made that they are forgeries and the inspection is sought to enable the party to prove that fact." 14 Cyc. 371, and cases cited in notes 59 and 60. "But where the books or documents are material to the case of the applicant, it is no objection to their production or inspection that they relate also to the case of his adversary." 14 Cyc. 371, and cases cited in note 6.

This construction of the rule is not, as I view it, in conflict with the decisions in Luten v. Camp (D. C.) 221 Fed. 424, and Blast Furnace Co. v. Worth Bros. Co. (D. C.) 221 Fed. 430, in which the discovery allowed related directly to facts and documents within the knowledge or possession of the interrogated party, which were material to the ground of action or defense of the interrogating party. And taking this view of the rule I cannot agree in the correctness of the doctrine which may apparently be implied from the opinions in Bronk v. Scott Co. (7th Circ.) 211 Fed. 338, 128 C. C. A. 17, and P. M. Co. v. Anchor Co. (D. C.) 216 Fed. 634, to the effect that under this rule either party may require discovery as to the nature of his adversary's case, the claims which he makes in regard thereto and the facts supporting it. These cases apparently proceed, in part at least, upon the implied theory that the object of the rule is to enable either party to obtain a more definite statement of the other's case and greater particularity as to the claims upon which he intends to rely; whereas I am constrained to conclude from the language of the rule itself that it was not intended to serve as a provision for requiring further particulars, which is covered by the 20th Equity Rule, but to accomplish the very different purpose of enabling either party to obtain discovery of facts and documents material to his own case which are within the knowledge or in the possession of the adverse party.

[2] It is furthermore clear that to the extent that discovery may be granted as to material matters of fact, it must be limited to an inquiry as to the material facts, and does not extend to a disclosure of evidence or of facts which merely tend to prove the material facts. P. M. Co. v. Anchor Co., supra (D. C.) 216 Fed. at page 636; Luten v. Camp, supra (D. C.) 221 Fed. at page 428.

[3] Testing the interrogatories filed by the defendants by the principles above given, I find none which relate to matters material to their defense, as distinguished either from an inquiry into merely evidential or collateral matters, or an inquiry into the plaintiff's case laying the

basis for an investigation by the defendants in advance of the trial, or which otherwise relate to any material issue in the case.

An order will accordingly be entered sustaining all the plaintiff's objections to interrogatories or parts of interrogatories filed by the defendant.