BATDORF et al. v. SATTLEY COIN HANDLING MACH. CO.

(District Court, E. D. Michigan, S. D.   November 14, 1916.)

No. 96.

1. COURTS ⚖︎351—DISCOVERY IN EQUITY—INTERROGATORIES.

Equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) does not warrant the court in requiring answers to interrogatories, which would give no more than an opinion, or no more than the evidence relied on in support or defense of the cause, although, if the answer would disclose a material fact or document, it is no objection to its allowance that it would incidentally require an expression of opinion, or disclosure of some of the evidence to be relied on at the trial, or the giving of other information which, standing alone, could not be required.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924.]

2. PATENTS ⚖︎292—SUIT IN EQUITY—DISCOVERY—INTERROGATORIES.

Interrogatories filed by defendant in an infringement suit, requiring complainant to interpret the patent sued on, or to state what part of defendant's device infringes a particular claim of the patent or part of the patented device, are not allowable under equity rule 58.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446.]

3. PATENTS ⚖︎292—SUIT IN EQUITY—DISCOVERY—INTERROGATORIES.

An interrogatory by defendant in an infringement suit, requiring complainant to state, as to each claim in suit, what date of invention will be relied on, is proper, as calling for material facts.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446.]

4. COURTS ⚖︎351—DISCOVERY IN EQUITY—CONDITIONS TO REQUIRING ANSWERS TO INTERROGATORIES.

Under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), the court may require the answering of an interrogatory only upon conditions imposed on the interrogating party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924.]

5. PATENTS ⚖︎292—SUIT IN EQUITY—DISCOVERY—INTERROGATORIES.

In an infringement suit, defendant may properly require complainant to state, in answer to interrogatories, where the device relied on in proof of infringement is, and whether it can be inspected, and, if not, to describe and illustrate the same.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 446.]

In Equity.   Suit by Charles S. Batdorf and the Automatic Coin Wrapping Machine Company against the Sattley Coin Handling Machine Company.   On exceptions to interrogatories propounded by defendant.

William M. Swan, of Detroit, Mich., and Kay, Totten & Powell, of Pittsburgh, Pa., for plaintiffs.

Whittemore, Hulbert & Whittemore, of Detroit, Mich.; and Rector, Hibben, Davis & Macauley, of Chicago, Ill., for defendant.

TUTTLE, District Judge.   Plaintiffs charge the defendant with infringing five patents on coin handling devices, all of which appear to be on exceedingly complicated mechanisms.   Seventy-five claims are relied upon by plaintiffs in their allegations of infringement.   Defendant's answer recites the usual defenses of noninfringement and in-

validity. Counsel for defendant has propounded to plaintiffs 101 interrogatories, under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv).

[1, 2] The first 72 interrogatories ask plaintiffs to point out the particular part or parts of defendant's structure that correspond to certain elements in the claims. Interrogatory No. 1 is an example of interrogatories 1 to 72, inclusive.

"Point out, as to patent No. 691,435, what part or parts of defendant's structure respond to—

"(1) 'A wrapping mechanism normally inoperative and set in operation by the registering devices,' recited in claim 1."

Under equity rule 58, either party may ask the opponent questions which, if answered, will disclose facts or documents material and pertinent to the support or defense of the cause; the object of the rule being to simplify the issues, and so far as possible to dispose of material issues in advance of the actual hearing of the case. I am in entire sympathy with the rule and the purpose of it. Equity rule 58 does not warrant the court in requiring answers which would give no more than an opinion, or no more than the evidence intended to be relied on in the support or the defense of the cause; but if the answer would disclose a material fact or document, an interrogatory should not be denied simply because it would, in disclosing the material fact or document, require an expression of opinion, the disclosure of some of the evidence on which the party interrogated would rely at the trial, or the giving of other information which, standing alone, could not be required. While the answers to the first 72 interrogatories might be helpful to the defendant in preparing its defense, and while some other rule may be broad enough to give it relief, I do not consider that the answering of such interrogatories would result in the discovery of facts within the meaning of equity rule 58. The interrogatories in reality ask for a detailed statement of plaintiffs' allegations of infringement as to those portions of the claims inquired about. The answers would be an interpretation or an opinion of the party interrogated. The first 72 interrogatories, therefore, must be denied.

[3] Interrogatories 73 to 96, inclusive, request plaintiffs to designate the particular part or parts in the patent drawings which correspond to a specified element or specified elements or certain claims. The following is an example thereof:

"Point out, by reference to the drawings of patent No. 691,435, what part or parts of the structure illustrated in the drawings of said patent respond to—

"73. 'Means for advancing the coins separately,' recited in claims 1, 2, and 8, and 'means for supplying coins separately,' recited in claims 9, 11, and 12."

Interrogatories 73 to 96, inclusive, are denied, for the same reasons given in connection with interrogatories 1 to 72, inclusive.

Interrogatory 97 reads as follows:

(97) "State, as to each claim of the patents in suit, what date of completion of invention plaintiffs will rely upon at the trial."

I consider the interrogatory a proper one, and it should be answered. I would also consider proper interrogatories asking when the

patentee first disclosed the invention to others, when, if any, a drawing or model was first made, and the date of the first full sized device made prior, if any, to the filing of the application resulting in the patent in suit. These are facts material to the defense of the cause, since they tend to better advise defendant as to the case it has to meet at the trial, and since the answers might place defendant in a position to ascertain which, if any, of its alleged defenses are immaterial. I also consider proper interrogatories requiring defendant to state the dates of any prior use, prior knowledge, or prior invention which it intends to rely upon in its defense. While it may require in the giving of these facts that the interrogated party express an opinion, as hereinbefore stated, I do not consider that as a ground for refusing interrogatories.

[4] It has been forcibly urged that the parties should not be required to disclose facts surrounding the dates of the making and completion of the invention prior to the trial; but such facts tend to make more certain the issues, and also tend to narrow them. It may be desirable to require the answering of an interrogatory only upon certain conditions being imposed upon the interrogating party, and it is not inconsistent with equity rule 58, or with the other equity rules, for a court to adopt such a procedure. If defendant interrogates plaintiffs regarding facts or documents tending to disclose the dates of the making and completion of the invention of the patent in suit, and plaintiffs interrogate defendant regarding facts or documents tending to disclose the dates of any prior knowledge, prior use, or prior invention defense, it would seem a proper procedure for this court, upon ex parte request, to require both the plaintiffs and the defendant to file the answers to such interrogatories in sealed envelopes with the clerk of this court on a day specified by the court, the sealed envelopes containing the answers to the interrogatories to be opened by the clerk the day following the date set by the court for the filing thereof. And it is here so ordered, and made a condition of the granting of defendant's prayer regarding interrogatory 97.

Interrogatories 98 and 99 are as follows:

(98) "State, as to each of the patents in suit, whether or not a device as shown in the drawings of the patent has ever been constructed, and, if so, give the date of completion of the device."

(99) "State, as to each of the patents in suit, whether or not plaintiffs have ever made, or caused to be made, devices of a different construction from that shown in the patents, and, if a device or devices have been made, illustrate and describe such device or devices, and give the date or dates of completion of such device or devices."

These two interrogatories are too indefinite, and are not material to the defense of the cause at this stage of the procedure. If these inquiries are an endeavor to ascertain the construction or constructions that went into extensive use, as alleged in the bill of complaint, they are not in proper form. Full and complete answers to the interrogatories as they are worded might mean unnecessary disclosure to the defendant of plaintiffs' machines. If interrogatory 98 was restricted to devices completed prior to the date of filing of the application which resulted

in the patent in suit, it might be a proper question, and the remarks given in connection with interrogatory 97 would be pertinent thereto.

If interrogatory 99 inquired as to devices used more than two years prior to the filing of the application that resulted in the patent sued on, it might in some cases be proper. Under some circumstances, such an interrogatory might put plaintiffs to considerable trouble and expense to answer, and if the interrogatory was objected to on this ground, a proper showing by defendant as to the necessity for the information should be required by the court. Interrogatories 98 and 99 are denied.

[5] Interrogatories 100 and 101 read as follows:

(100) "State where the device is located upon which the plaintiffs will rely in their proof of infringement, and whether or not such device can be inspected on behalf of defendant."

(101) "If the machine referred to in interrogatory 100 cannot be inspected on behalf of defendant, describe and illustrate the device sufficiently for all parts thereof to be understood."

The answer to these interrogatories would be material to the defense of the cause, since the answers would inform defendant, or enable it to be informed, not only as to the construction of the device plaintiffs will rely on in their proof of infringement, but give defendant information which in all probability would enable it to ascertain whether it had manufactured or committed any other act of infringement in connection with the device plaintiffs complain of. The answers would advise the defendant, providing it had manufactured or sold the machine, whether any change having a bearing on the question of infringement had been made after the machine had been disposed of by defendant. Interrogatories calling for facts or documents tending to definitely advise the defense of the act or acts and device or devices complained of I consider proper. Such interrogatories are not only material to the defense, but tend to narrow the issues. Plaintiffs are required to answer interrogatories 100 and 101.

Equity rule 58 has been given consideration in a number of cases: Bronk v. Scott Co., 211 Fed. 338, 128 C. C. A. 17 (C. C. A., Seventh Circuit); P. M. Co. v. Ajax Rail Anchor Co., 216 Fed. 634 (D. C., N. D. Illinois, E. D.); Luten v. Camp et al., 221 Fed. 424 (D. C., E. D. Pa.); Blast Furnace Appliances Co. v. Worth Bros. Co., 221 Fed. 430 (D. C., E. D. Pa.); J. H. Day Co. v. Mountain City Mill Co. et al., 225 Fed. 622 (D. C., E. D. Tennessee, S. D.); Window Glass Machine Co. et al. v. Brookville Glass & Tile Co., 229 Fed. 833 (D. C., W. D. Pa.); Gennert v. Burke & James, Inc., 231 Fed. 998 (D. C., S. D. New York); F. Speidel Co. v. N. Barstow Co., 232 Fed. 617 (D. C., D. Rhode Island); Rodman Chemical Co. v. E. F. Houghton Co., 233 Fed. 470 (D. C., E. D. Pa.); Union Sulphur Co. v. Freeport Texas Co., 234 Fed. 194 (D. C., D. Delaware); Dupont v. Dupont et al., 234 Fed. 459 (D. C., D. Delaware). But these decisions are not entirely in harmony. I am in favor of applying the rule in such a manner as to simplify as far as possible, not only the issues of the cause, but also the testimony either in behalf or in defense of the cause.