MARQUETTE MFG. CO. v. OGLESBY COAL CO.

(District Court, N. D. Illinois, E. D.     January 9, 1918.)

No. 955.

1. COURTS ⬦351—FEDERAL COURTS—CONSTRUCTION OF EQUITY RULE.
    A party interrogated under Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) cannot be required to disclose the names of his witnesses nor his evidence.

2. COURTS ⬦351—FEDERAL COURTS—CONSTRUCTION OF EQUITY RULE.
    Under such rule, discovery may be had of the nature of the case or defense and of the facts supporting it, but not of the evidence to sustain such case or defense or how the facts supporting it are to be proved.

3. COURTS ⬦351—FEDERAL COURTS—CONSTRUCTION OF EQUITY RULE.
    It was not the purpose of the rule to compel discovery by plaintiff of the particulars of his own cause of action, where such particulars do not relate to any pleaded defense or to compel the defendant to disclose facts material only to his defense; but if the discovery relates both to plaintiff's case and the defense it must be given.

4. COURTS ⬦351—IN EQUITY—RELEVANCY OF INTERROGATORIES.
    Interrogatories propounded by a defendant under equity rule 58 *held* to relate to the defense pleaded, and to be proper.

In Equity. Suit by the Marquette Manufacturing Company against the Oglesby Coal Company. On application to defendant for an order requiring complainant to answer interrogatories. Granted.

Tenney, Harding & Sherman, of Chicago, Ill., for plaintiff.
Adams, Crews, Bobb & Westcott, of Chicago, Ill., for defendant.

SANBORN, District Judge. This is an application for an order requiring the plaintiff to answer two interrogatories proposed by the defendant under Equity Rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv).

The suit is brought for an injunction restraining defendant from removing the vertical support of plaintiff's cement mine by defendant's mining of coal. Plaintiff manufactures cement from rock which it mines, and defendant excavates coal from a stratum some 500 feet lower. Plaintiff alleges that defendant so carries on its mining as to remove the natural support of plaintiff's rock, and that it is feared that the continued prosecution of the coal mining will undermine its manufacturing plant. Defendant answers that it carries on its mining properly and safely, that the roof of its mine has not sunk, and, though it admits that plaintiff has been damaged by the sinking of its rock, it says that such damage has been caused by plaintiff's own negligence in the carrying on of its operations and not by defendant. Each party has had an inspection of the other's mine.

The questions and objections follow:

"Now comes Oglesby Coal Company, by Adams, Crews, Bobb & Westcott, its solicitors, and asks leave of court to file the interrogatories appended hereto, and for an order to have said interrogatories answered by a certain designated officer of the complainant corporation.

"(1) Will you please state the location of the facings to your mine from time to time, giving the location of the facings of the mine on certain speci-

fied dates, the intervals between said dates not to exceed a period of one year?

"(2) Will you please state the locations and dates on which various cave-ins have occurred in your mine, from the beginning of your operations to the present date?

"Complainant objects to each of the two interrogatories filed by the defendant herein on December 17, 1917, and moves to, strike out each of said interrogatories.

"In connection with the objections to each of the said interrogatories, complainant calls the court's attention to the following facts:

"On October 29th the defendant requested in writing that the complainant allow the defendant, with its witnesses, access to the complainant's mine, with all means of traversing and examining it, and examining the surface of the ground, the plant of the complainant, and to make an inspection of the mine and premises on successive days until the examination was completed.

"November 5th complainant notified defendant that it would allow the examination of the mine, limiting the number of persons to make the inspection to four or five and requiring five days' notice of the time for the examination in order that the proper preparation could be made, and stating that a week, with reasonable extension, would be the proper time for completion of the examination.

"On November 14th the defendant accepted the conditions, requesting that the number of witnesses who were to inspect the mine be increased to seven, to which the complainant assented.

"The defendant afterwards notified the complainant that it would make the examination beginning on December 1st. On that day the defendant, through its counsel, an officer of its company, and four other witnesses, visited the complainant's mine and were allowed to inspect every part which they requested, to make photographs and notes of their inspection, etc. This inspection occupied a period of five days and continued until the defendant stated that they had completed it.

"The complainant specified the following objections to the several interrogatories:

"To interrogatory No. 1: (1) The information sought is not material to the defendant's defense. (2) The information sought relates to a mere evidentiary fact. The inquiry relates to matters which are either within the defendant's knowledge or ascertainable so far as material by the taking of depositions of witnesses acquainted with the fact. (3) The inquiry is too broad and general and does not show that any fact material to the defendant's defense is called for, nor any fact not ascertainable by taking depositions. The inquiry is a mere attempt to ascertain and compel a statement of facts and evidence relating to the complainant's cause of action.

"Objection to interrogatory No. 2: Complainant objects to interrogatory 2 upon each of the several grounds above stated as objections to interrogatory 1."

[1] Rule 58 provides that the court may "enforce answers to interrogatories * * * material to the cause of action or defense of his adversary." This language seems to authorize the compulsory answering of questions relating either to the plaintiff's cause of action or the defendant's defense, but has been somewhat narrowed by construction. All the decisions agree that the answering party need not disclose the names of his witnesses or his evidence, because this would enable an unscrupulous opponent to gain a dishonest advantage. This has been the construction of rule 1 of English Order 31, from which rule 58 was taken, as well as of our own rule. Knapp v. Harvey, 2 K. B. 730, C. A. (1911); Marriott v. Chamberlain, 17 Q. B. 154; J. H. Day Co. v. Mountain City Mill Co. (D. C.) 225 Fed. 622; Luten v. Camp (D. C.) 221 Fed. 424; Kinney v. Rice (D. C.) 238 Fed. 444 (a bill of discovery);

Rodman Chemical Co. v. E. F. Houghton Co. (D. C.) 233 Fed. 470; Batdorf v. Sattley Coin-Handling Machine Co. (D. C.) 238 Fed. 925.

[2] Discovery may be had of the nature of the case or defense and of the facts supporting it, but not of the evidence to sustain such case or defense or how the facts supporting it are to be proved. P. & M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634; O. So Ezy Map Co. v. Channel Chemical Co. (D. C.) 230 Fed. 469; Luten v. Camp, supra. Thus plaintiff in a patent suit must establish infringement, and he may therefore interrogate defendant whether he had made, used, or sold a certain form of device, and to furnish a copy of the drawing or blue print from which it was made. A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 Fed. 304. Defendant who claims that plaintiff's patent is anticipated by a prior use, patent, or other disclosure, may ask plaintiff for the date of his own invention; not how he is going to prove that date, but what it was. A. B. Dick Co. v. Underwood Typewriter Co., supra.

This exception to the general language of rule 58 has been established by the decisions, but it is not the only one. A party need not give discovery which would tend to subject him to a criminal prosecution, penalty, or forfeiture (F. Speidel Co. v. N. Barstow Co. [D. C.] 232 Fed. 617), which will unnecessarily disclose a trade secret (Federal Mfg. Co. v. International Bank Note Co. [C. C.] 119 Fed. 385), or which would be against public policy or professional privilege. The English decisions on these points are cited in English Annual Practice 1917, pp. 504–513.

[3] Since the broad and general language of the rule has been established by the decisions to be subject to these exceptions (which are also covered by the former practice as to inspection, discovery, bills of discovery, and bills of particulars), it seems entirely consistent that another exception may be also made, though opposed to the language of the rule. This is, that it was not the purpose to compel discovery by plaintiff of the particulars of his own cause of action where such particulars do not relate to any pleaded defense, or to compel the defendant to disclose facts material only to his defense. This was the well-established rule of the former practice, and a number of courts have decided that it is not changed by rule 58, though opposed to its language. Judge Story said:

"The plaintiff is not entitled, as a matter of right, to the discovery and production of any documents or papers called for by the bill except those which appertain to his own case, or the title made by the bill. Documents and papers which wholly and solely respect the defendant's title or defense he is not compellable by his answer to discover or produce." Story's Equity Pl. (10th Ed.) § 858.

But if the discovery relates both to plaintiff's case and the defense, it must be given. J. H. Day Co. v. Mountain Mill Co., supra. Most of the decisions construing rule 58 which have discussed the point have held that it was not the purpose of the new rule to change the preexisting law of discovery, but merely to extend the right to the defendant and regulate the practice, leaving the general principles and rules as they were before. J. H. Day Co. v. Mountain City Mill Co. (D. C.) 225 Fed. 622; F. Speidel Co. v. N. Barstow Co. (D. C.) 232 Fed. 617;

Wolcott v. National El. Sign Co. (D. C.) 235 Fed. 224; Kinney v. Rice (D. C.) 238 Fed. 444; Window Glass Mach. Co. v. Brookville Glass & Tile Co. (D. C.) 229 Fed. 833; Pressed Steel Car Co. v. Union Pac. R. Co. (D. C.) 241 Fed. 964. Other decisions have not observed this distinction, but have held, without discussion of the point, that plaintiff may be required to state the date of his invention, or defendant the date of his prior use. A. B. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 Fed. 300; Bronk v. Charles H. Scott Co., 211 Fed. 338, 128 C. C. A. 17, Seventh Circuit; P. & M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 Fed. 634; Batdorf v. Sattley Coin-Handling Mach. Co. (D. C.) 238 Fed. 925.

[4] It seems clear that the two interrogatories quoted relate only to the defense, and should be answered. Defendant pleads two defenses, a denial of negligence on its part and negligence of the plaintiff as the cause of the injury. In order to prove the latter defense it asks plaintiff to state the locations of the facings of its mine from time to time, giving the location of the facings on certain specified dates, not more than a year apart; and the locations and dates of cave-ins which have occurred. It does not ask how these facts are to be proved by evidence, whether by maps, mine records, or the testimony of the superintendent or miners; simply dates and locations. Having these facts, defendant may compare them with the progress of its own mining operations on the same dates and in the same vertical locations, and thus perhaps be able to show that the cave-ins could not have been caused by it, but must have been due to some other cause. Even though these facts called for may also be material to plaintiff's case, it makes no difference, so long as they are material to the defendant's denial or counter-charge of negligence, as they seem to be.

Objection to the first interrogatory is made because it is said plaintiff's operations have extended over a period of 15 years, the mine consists of several hundred rooms, and that an answer locating all these facings at different intervals would be unreasonably long and difficult. But I do not understand the interrogatory to call for all the facings, but the location and date of one of them in each year. The plaintiff may so answer in the first instance, and unless further application shall be made by defendant.