**COBB TEMPERATURE REGULATOR CO. et al. v. BAIRD et al.**

(District Court, S. D. California, N. D. July 24, 1923.)

No. B–89.

**Patents ⊜⇒292—Interrogatories in infringement suit; equity rule 58 to be given liberal construction.**

Where, in an infringement suit, defendant alleges prior public use and prior patent to defeat the patent, complainant is entitled, by interrogatories under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), to require defendant to state the dates of such alleged prior use and to furnish drawings or blueprints of the devices or apparatus referred to in the answer.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Equity. Suit by the Cobb Temperature Regulator Company and the Frost Eliminator, Inc., against Robert Baird and others. On exceptions by defendants to interrogatories propounded by complainants. Exceptions overruled.

William L. Connor, of Los Angeles, Cal., for complainants.
Webster, Webster & Blewett, of Stockton, Cal., for defendants.

JAMES, District Judge. Plaintiffs having complained on account of alleged infringement of their patent, defendants answered, denying the material allegations of the petition, including in the answer a denial that Cobb, the assignor of plaintiffs, was the first and sole inventor or discoverer, and alleging affirmatively prior use and publication; also prior patent.

Defendants particularly alleged, among other matters, that the invention, process, and method described in the claims of the plaintiffs' patent had been known to the public and made, sold, and used in the United States long prior to the invention of Cobb, and that they had been particularly known and used by one Atwood in October and November, 1911, and during the six years following, as well as by others whose names were unknown to the defendants.

Plaintiffs, under equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv) have propounded certain interrogatories to the defendants, and the defendants have taken exception thereto. It is contended that the interrogatories require the defendants to disclose matters relative to their defense, which requirement, defendants assert, is not within the intent of rule 58. It must be admitted that the question presented has been decided in some of the District Courts agreeably to the contention of the defendants. On the other hand, many of the courts have united in conceiving it to be the purpose of the rule to produce a disclosure, in advance of the trial, of matters which will show the scope of a defendant's defense or a plaintiff's cause for complaint, to the end that the issues may be narrowed and the time of the court saved, as well as that expense of the trial may be reduced. Bronk v. Scott Co. (C. C. A. 7th Cir.) 211 Fed. 338, 128 C. C. A. 17; Batdorf et al. v. Sattley Coin H. Mach. Co. (D. C.) 238 Fed. 925.

In Dick Co. v. Underwood Typewriter Co. (D. C.) 235 Fed. 300, the court says:

"The tendency of the District Court of this district is to be liberal as to interrogatories, * * * that time and expense shall be saved to the litigants, and that, when the case comes on for trial, the case shall come down to the real issues as clearly and speedily as may be. In a case like this, the defendant should furnish plaintiff with a true specimen * * * alleged by plaintiff to infringe, and also state in accurate detail the process employed. * * *"

In Marquette Mfg. Co. v. Oglesby Coal Co. (D. C.) 247 Fed. 351, this language occurs in the opinion:

"Thus plaintiff in a patent suit must establish infringement, and he may therefore interrogate defendant whether he had made, used, or sold a certain form of device, and to furnish a copy of the drawing or blueprint from which it was made. * * * Defendant, who claims that plaintiff's patent is anticipated by a prior use, patent, or other disclosure, may ask plaintiff

for the date of his own invention; not how he is going to prove that date, but what it was."

Even under decisions which tend to limit the right of a party to inquire by interrogatories into the case of his adversary it has been said that:

"This rule did not, however, defeat the complainant's right to discovery in the case where the matter in question happened to pertain both to the complainant's title or cause of action and to the defendant's title or ground of defense. 2 Street's Fed. Eq. Pract., supra." Day Co. v. Mountain City Mill Co. (D. C.) 225 Fed. 622.

A decision made in this court in July, 1919, adopts the more liberal policy with respect to the scope of interrogatories. Quirk v. Quirk et al., 259 Fed. 597. As an example of the decisions holding a contrary view is the case of Speidel Co. v. Barstow Co. (D. C.) 232 Fed. 617.

The proposed interrogatories mainly call for dates and the exhibition of drawings of the device or apparatus referred to in the answer, and are not improper as requiring the defendants to set forth the evidence which they expect to produce at the trial. In my opinion, the plaintiffs are entitled to have the interrogatories answered. The exceptions of the defendants are therefore overruled.

Defendants will be required to answer the interrogatories within 30 days from date of notice of this order.