## P. H. McGARRY & CO. v. SOUTHERN PACIFIC CO.

(District Court, N. D. California, S. D. February 24, 1925.)

### No. 17170.

Discovery ⬦⟹86(1)—Plaintiff may not be permitted to inspect defendant's books as to matters of defense.

While plaintiff, in an action against a common carrier for discrimination in the furnishing of cars, may be permitted to inspect defendant's books, so far as necessary to the furnishing of a bill of particulars demanded, he cannot be allowed to go into defendant's records for the purpose of learning why the discrimination, if any, was made, which is matter of defense.

At Law. Action by P. H. McGarry & Co. against the Southern Pacific Company. On motion by defendant for bill of particulars and motion by plaintiff for further inspection of books. Motion for bill of particulars granted, and motion for inspection denied.

Thelen & Marrin, of San Francisco, Cal., for plaintiff.

Henley C. Booth, Elmer Westlake, and J. E. Lyons, all of San Francisco, Cal., for defendant.

PARTRIDGE, District Judge. This is an action against a common carrier, alleging discrimination in supplying cars for the shipment of grapes, and failure to supply an adequate number of cars. The defendant made a motion for a bill of particulars, which motion was granted on condition that defendant allow plaintiff's attorney to inspect its books. It appears now that plaintiff was allowed to inspect certain books, containing the daily car order record, with the orders for cars, the orders placed, and the cars placed. Evidently this supplies plaintiff with information as to the number of cars ordered by each shipper, and the number received by each.

The plaintiff, however, demands the right to inspect records containing reports of defendant's agents, bearing upon the question of the tonnage which each shipper desired to load, and instructions as to the method by which cars were allocated. This, of course, goes to the defense, and the defense alone. Plaintiff has alleged discrimination in favor of unnamed shippers. It now has the cars ordered, and cars allocated, to all shippers It must therefore be in a position to point out those in whose favor it claims the discrimination was made. To permit it to delve into the records of defendant, to ascertain why such discrimination (if any) was practiced, is to permit it to probe the facts of the defense. That, this court cannot do. Carpenter v. Winn, 221 U. S. 534, 31 S. Ct. 683, 55 L. Ed. 842; Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622.

The request for further leave to inspect is denied, and plaintiff is directed to furnish the bill of particulars within 10 days. Defendant will be allowed 10 days after the receipt of the bill of particulars to answer.