## CLAUDE NEON LIGHTS, Inc., v. RAINBOW LIGHT, Inc., et al.

District Court, S. D. New York. March 9, 1927.

See, also, 31 F.(2d) 983, 989.

William Bohleber, of New York City (Edwin J. Prindle, of New York City, of counsel), for complainant.

Darby & Darby, of New York City, for defendants.

AUGUSTUS N. HAND, District Judge. I have allowed nearly all of the interrogatories proposed by the complainant. I suspect that they involve unnecessary reduplication, but it is difficult for me to determine that in a mechanico-chemical patent, and I had better err on the right side, as thus no harm can be done if the questions are proper in themselves. I would suggest, however, that counsel confer and see if as a result some, if not many, of the interrogatories cannot be withdrawn without prejudicing complainant's right to secure pertinent information in order to prepare for trial.

The objection made by the defendants to many of the interrogatories is that they are compelled to disclose secret processes. That this is no valid objection to interrogatories in a patent case is settled. The defendants can be fairly well protected in this respect by a proper order, but whether they can be or not, if they have chosen secrecy rather than the protection of the patent law, it must give way before the rights of third parties. Grasselli Chemical Co. v. National Aniline & Chemical Co. (D. C.) 282 F. at page 379. Judge Inch has written an opinion (in which Judge Campbell has apparently concurred), in a suit between these very parties in the Eastern district, in which he declined to order answers to interrogatories where the answers related to processes different from the specific claims of the patents in suit and were intended to prove infringement by a process or product involving equivalents alleged by the patentee to bring defendants' process or device within the proper scope, though not the literal terms, of the claims. 31 F.(2d) 983. As I understand the reasoning of Judge Inch, it is that where a secret process is set up, and where the information sought is based upon the contention that defendants' process or product is an equivalent of the one described in the patent, the defendants ought to be able to keep the secret until the trial. There it is possible the court might be convinced that the patent was anticipated or so narrowed by the prior art that the secret would not have to be dis-

closed at all. Yet it would be unusual, except in a case where it was thought that the information was utterly remote and was not sought in good faith, to exclude it then. If this is so, why should complainant be deprived of the right to have it in preparation for trial in a case like this, where voluminous affidavits have been offered by the complainant showing all kinds of use of complainant's business methods. Defendants have apparently copied complainant's form of contract, photographed its signs, represented such signs as its own, enticed its employees to go into defendants' service, purchased from Thordarson Electric Manufacturing Company transformers, cables from Habirshaw Electric Company, and sought to purchase rotary converters from Continental Electric Company, designed by complainant for its business in patented neon tubes. The patents involve a process of getting rid of impurities in neon gas. The gas will not illuminate properly otherwise. The old expensive process involved a receptacle containing carbon and surrounded by liquid air, and complainant's expert says that: "Defendants cannot operate their lamp without having gotten rid of the occluded gases in one or the other of the two ways, namely the process of patent in suit or the process using the liquid air." In other words, the proofs show that defendants must have substantially adopted the method of the patents in suit.

Now the foregoing facts are contradicted by no affidavits, and we have the situation of a patent good on its face and a wholesale use by the defendants of information and methods derived from the complainant. I have hesitated to differ from Judge Inch in a matter to which he has not only given careful consideration, but as to which he has written a most able and suggestive opinion. Indeed, I believe that I only differ from him in the application of principles to which we should probably all subscribe. How far to allow interrogatories in such a case as this depends, it seems to me, not on an unyielding rule that no secret process should be disclosed before trial which is not shown to come within the express language of the patent, but upon the facts of the particular case. If complainant, as here, has made a prima facie showing, which is nowhere contradicted except by the general terms of the answer, and particularly if the defendants have so conducted themselves by copying complainant's business methods that it may be reasonably supposed that they have merely borrowed his ideas, I see no reason why complainant should not have all pertinent information which will disclose just what the defendants are doing that is likely to invade the patent. I have little doubt that the result I have reached is in accord with the settled practice of liberal allowance of interrogatories long obtaining in the Southern district. Dick Co. v. Underwood Typewriter Co. (D. C.) 235 F. 300; McLeod Tire Corp. v. B. F. Goodrich Co. (D. C.) 268 F. 205; Grasselli Chemical Co. v. National Aniline & Chemical Co. (D. C.) 282 F. 379.

I accordingly allow the interrogatories as indicated on the margin thereof.

Settle orders on notice.

