## ZOLLA v. GRAND RAPIDS STORE EQUIPMENT CORPORATION.

District Court, S. D. New York.

Jan. 22, 1931.

Aaron Sapiro, Stanley Arndt, and Harry Starr, all of New York City, for plaintiff.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (Clinton De Witt Van Siclen and Gerald B. O'Neill, both of New York City, of counsel), for defendant.

WOOLSEY, District Judge.

My decision on the objections to interrogatories is as follows:

I sustain the objection to the eighth, ninth, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, and seventeenth interrogatories, with leave to reframe.

I overrule the objection to the nineteenth interrogatory and to the twentieth interrogatory, subdivisions (d), (e), and (f).

I. In the case of Gimenes v. N. Y. & Porto Rico Steamship Co. (D. C. S. D. N. Y.) 37 F.(2d) 168, at page 169, I had occasion to express my regret that, after the commencement of an action on the law side of this court, so little could be done to facilitate the preparation of either party for the trial.

That at this date the practice on the law side of the federal courts should be so lacking in plasticity with regard to interlocutory remedies seems extraordinary, when it is remembered that under the procedure in almost all the states, through examination before trial or otherwise, the plaintiff can secure evidence and documents in advance which he can use at the trial, and also that throughout the British Empire, including all its dominions, India and the Crown Colonies, every paper or letter, even remotely connected with a case, must, unless privileged, be discovered to the opposing party and remain available to him pendente lite that he may, if he wishes, offer it at the trial. It is unfortunate that the practice of automatic compulsory discovery is not in force here.

II. This elaborate ancillary proceeding by bill of discovery, which has now twice come before this court, was therefore rendered necessary as an aid to the law action between the parties because we have not in the federal courts any provisions for the production of documents or the ventilation of issues in an action at law before trial.

On this ground it was sustained by Judge Patterson [47 F.(2d) 611], as properly brought in equity following the authority of Judge Learned Hand's decision in Pressed Steel Car Co. v. Union Pacific R. R. Co. (D. C.) 240 F. 135, 137.

In view of several illuminating experiences which I have had in cases pending in the English courts, I feel hospitable to every form of interlocutory discovery and, unless bound by what I regard as controlling authority, I am inclined to be very indulgent in allowing interrogatories. Indeed, I believe this has come to be the attitude of this court in connection with discovery by interrogato-

ries in equity under Equity Rule 58 (28 US CA § 723). Cf. Claude Neon Lights, Inc., v. Rainbow Light, Inc. (D. C.) 31 F.(2d) 988, 989; McLeod Tire Corp. v. B. F. Goodrich Co. (D. C.) 268 F. 205. For a similar attitude in other districts, see Batdorf v. Sattley Coin Handling Machine Co. (D. C.) 238 F. 925, 928, and Cobb Temperature Regulator Co. v. Baird (D. C.) 292 F. 909, 910.

The rationale of this attitude is, of course, not only that the court wants to know the truth, but also that it is good for both the parties to learn the truth far enough ahead of the trial, not only to enable them to prepare for trial, but also to enable them to decide whether or not it may be futile to proceed to trial. The number of cases which have been dropped before trial owing to the rigorous discovery practiced in the English courts is, I understand, almost unbelievable.

■ III. As Judge Learned Hand has pointed out in Pressed Steel Car Co. v. Union Pacific R. R. Co. (D. C.) 241 F. 964, 966, in which he sustained a motion to strike out an answer to a bill of discovery, the answer which could be put into such a bill must be confined, with the most narrow and technical rigidity, to such an answer as the precedents have recognized. The precedents which he enumerates are a plea to the jurisdiction, a plea to the plaintiff's title, a plea based on the statute of limitations, or a pleading of the defense of purchaser for value.

■ The defendant here has not filed any such answer, but stands on his objections to the interrogatories annexed to the bill of discovery sustained by Judge Patterson as above stated. The facts alleged in the bill of discovery must therefore for present purposes be deemed admitted.

The question here is to what interrogatories he is entitled under that showing.

■ IV. In Williams v. Finlaw, Mueller & Co., 292 Pa. 244, 141 A. 47, the Supreme Court of Pennsylvania points out that the legitimate function of discovery is to furnish evidence.

I quite agree with this, and I do not think that the objections made by the defendant to some of the interrogatories on the ground that the plaintiff is merely attempting to obtain evidence is a good ground for sustaining an objection. See Pressed Steel Car Co. v. Union Pacific R. R. Co. (D. C.) 240 F. 135, 137; Pressed Steel Car Co. v. Union Pacific R. R. Co. (D. C.) 241 F. 964, 965, 967.

The reason for this is, as a reading of those two decisions will show, that there is often a great deal of evidence which cannot conveniently be elicited during the trial without resulting in a trial of inordinate length, and for that reason interrogatories seeking to elicit such evidence in advance should not be too strictly limited.

■ V. It does seem to me, however, that there is a fair objection to be made to interrogatories which seek information which is or should be known as well by the party who propounds the interrogatories as by the party to whom they are propounded. To have some one else tell one what one already knows, or what one can easily find out by the examination of one's files, is not really a function of discovery, or a purpose to which courts should lend their aid.

For that reason I have sustained objections to interrogatories eighth and ninth and interrogatories twelfth to seventeenth.

Although I have sustained objections to these interrogatories in their present form, I am quite willing to follow the same practice as was followed by Judge Learned Hand in the case of Pressed Steel Car Co. v. Union Pacific R. R. Co. (D. C.) 241 F. 964, at page 967, and give the plaintiff leave to reframe these interrogatories so that they do not ask for something he himself should know and propound them again until he shall have extracted from the defendant all the information securable which may tend to prove the contract, as answers to subdivisions (e) and (f) of the twentieth interrogatory, with regard to the entries on the books of the Show Case Company, may tend to do.

■ VI. I do not think, however, that the fact that an interrogatory may involve the person to whom it is addressed in some effort, perhaps considerable, in order to give a proper answer to it, is under ordinary circumstances a good ground for sustaining an objection to the interrogatory.

The discovery required by the English courts often takes a considerable amount of work on the part of each party, but the result of it is of such great advantage at the trial to court and counsel alike that the work involved is not felt to have been wasted.

Granting, however, that there may be circumstances where a plea of undue burden from trying to reply to an interrogatory might have to be heeded, it would only appeal to the court when a more detailed showing of what that burden would be is made than is made here.

Consequently I overrule the defendant's objection to the nineteenth interrogatory.

VII. Under the twentieth interrogatory, there are several subdivisions, to some of which the defendant does not object.

The defendant objects to subdivision (d) of the twentieth interrogatory, and I overrule his objection, because I think the checks for payments made to the plaintiff ought to be produced.

Defendant objects also to subdivisions (e) and (f) of the twentieth interrogatory. I overrule his objections to those interrogatories, because, though the plaintiff ought to know equally with the defendant whether he had received a payment or not, he does not know, nor ought he, what entries were made in regard to such payment on the books and records of the Show Case Company.

As plaintiff frankly states, owing to the rather strange circumstances alleged with regard to the disappearance of the original contract in this case, he is hoping by some such evidence as entries in the books of the Show Case Company to secure an admission which may help him secondarily to prove the existence of the contract, if the written contract itself or a true copy thereof is not produced in pursuance of the interrogatories sustained and approved by Judge Patterson.

Settle order on two days' notice.