**BANKERS UTILITIES CO., Inc., v. DAVID H. ZELL, Inc., et al.**

District Court, S. D. New York.

Aug. 19, 1936.

Samuel D. Ferster, of New York City, for plaintiffs.

Leo J. Linder, of New York City (Leo Magill Goodman, of New York City, of counsel), for defendants.

LEIBELL, District Judge.

This is a motion by the defendants under Equity Rule 58, 28 U.S.C.A. following section 723, for an order directing the plaintiffs to answer certain interrogatories which are fully set forth in the notice of motion. Fifteen interrogatories are to be answered by the individual plaintiff, Butler F. Greer, and one interrogatory is to be answered by the corporate plaintiff, Bankers Utilities Company, Inc.

The complaint in this action alleges a patent infringement. The plaintiff Greer is

the inventor, and plaintiff Bankers Utilities is a licensee under the patent. The answer sets up the defense of unseasonable disclaimer by plaintiffs after a partially adverse adjudication by the Circuit Court of Appeals for the Ninth Circuit. In an affidavit heretofore filed in this court upon a motion for a separate trial of the issues raised by said defense, the plaintiff Greer asserted that there were exceptional facts and circumstances surrounding the filing of the disclaimers which would tend to explain and excuse the delay on the part of the plaintiffs. The proposed interrogatories relate to the said disclaimers and excuse for delay.

In view of the issues thus raised, I am of opinion that all the interrogatories sought upon this application are proper. To require plaintiffs to file answers to these interrogatories is in accord with the practice of this court. The attitude of this court towards interrogatories propounded under Equity Rule 58 is well stated by Judge Woolsey in Zolla v. Grand Rapids Store Equipment Corporation, 46 F.(2d) 319, at pages 319, 320, as follows:

"In view of several illuminating experiences which I have had in cases pending in the English courts, I feel hospitable to every form of interlocutory discovery and, unless bound by what I regard as controlling authority, I am inclined to be very indulgent in allowing interrogatories. Indeed, I believe this has come to be the attitude of this court in connection with discovery by interrogatories in equity under Equity Rule 58 (28 U.S.C.A. following section 723). Cf. Claude Neon Lights, Inc. v. Rainbow Light, Inc. (D.C.) 31 F.(2d) 988, 989; McLeod Tire Corp. v. B. F. Goodrich Co. (D.C.) 268 F. 205. For a similar attitude in other districts, see Batdorf v. Sattley Coin Handling Machine Co. (D.C.) 238 F. 925, 928, and Cobb Temperature Regulator Co. v. Baird (D.C.) 292 F. 909, 910.

"The rationale of this attitude is, of course, not only that the court wants to know the truth, but also that it is good for both the parties to learn the truth far enough ahead of the trial, not only to enable them to prepare for trial, but also to enable them to decide whether or not it may be futile to proceed to trial. The number of cases which have been dropped before trial owing to the rigorous discovery practiced in the English court is, I understand, almost unbelievable."

The interrogatories to which answers are sought through this motion come within the provisions of Equity Rule 58 and the opinion of Judge A. N. Hand in the McLeod Tire Case cited above.

Judge Hand said: "It has been the practice in this district to attempt to simplify the issues and limit the testimony necessary at the trial by allowing inspection and compelling answer to interrogatories in patent cases very liberally. We have stopped little short of requiring almost everything except the names of witnesses and such information as would enable the interrogator to bring forward untruthful testimony to meet the evidence of his adversary. Dick Co. v. Underwood Typewriter Co. (D.C.) 235 F. 300."

The motion is granted in all respects. Settle order on notice.