GEORGE W. DAVIS *vs.* EDWARD P. MILLS & another.

Middlesex.    April 2, 1895. — May 23, 1895.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Interrogatory — Waiver — Expert — Exclusion of Evidence — Exception.*

An interrogatory intended not to elicit evidence in support of any matter of defence alleged by the defendant, but only to ascertain the evidence relied on by the plaintiff to maintain his case, is not within Pub. Sts. c. 167, §§ 49–56, and there is no ground for the contention that the plaintiff waived his right to refuse to answer the interrogatory by answering other interrogatories which he could not have been compelled to answer.

In an action for an alleged breach of a warranty in the sale of flour, a witness, who has been a miller for more than twenty years and has been accustomed to use a process for analyzing flour that is also used by others more or less, may well be found to be an expert in regard to the quality and principal component parts of flour, and the fact that he is not a practical chemist does not necessarily make his testimony valueless.

In an action for an alleged breach of a warranty in the sale of flour, the fact that considerable time has elapsed between the sale of the flour and an examination of it by an expert witness does not render his evidence incompetent, if there is testimony that there would be but little change in the flour if it was properly kept.

If soon after the beginning of the testimony of an expert witness in an action for an alleged breach of a warranty in the sale of flour, the judge of his own motion excludes certain specimens of other flour from the consideration of the jury, and all testimony in regard to them is stricken out, and the defendant makes no objection and takes no exception to the exhibition of the specimens, but his objections and exceptions are on general grounds to receiving the testimony of the expert at all, and nothing is said by the witness in regard to the specimens

excluded, and the only complaint of the defendant is that they were in the hands of the witness and were shown to the jury with a specimen of the flour sold by him, he has no ground of exception.

CONTRACT for an alleged breach of a warranty in the sale of two hundred barrels of flour by the defendants to the plaintiff. The answer was a general denial. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendants alleged exceptions. The facts appear in the opinion.

*S. W. Clifford*, for the defendants.

*J. T. Joslin & R. E. Joslin*, for the plaintiff.

KNOWLTON, J. The defendants' first exception is to the refusal of the court to order the plaintiff to answer the sixth of the interrogatories filed under the statute, which called upon the plaintiff to repeat as fully as he could the conversation between him and the defendants' agent when the oral contract on which the action was founded was made. The answer filed by the defendants was simply a general denial, and the interrogatory was not intended to elicit evidence in support of any matter of defence alleged by the defendants, but only to ascertain the evidence relied on by the plaintiff to maintain his case. Clearly the inquiry was not within the statute, which only permits interrogatories to be put for the purpose of obtaining facts that will be of service to the interrogating party in maintaining his own allegations. Pub. Sts. c. 167, §§ 49–56. *Wilson* v. *Webber*, 2 Gray, 558. *Baker* v. *Carpenter*, 127 Mass. 226. *Wetherbee* v. *Winchester*, 128 Mass. 293.

It is contended that the plaintiff waived his right to refuse to answer this interrogatory by answering other interrogatories which he could not have been compelled to answer. But we think there is no good ground for this contention. The defendants cannot justly complain that interrogatories were fully and fairly answered which the plaintiff might properly have declined to answer. Nor is there any good reason why the answering of these should deprive the plaintiff of his right to refuse to answer others if they were improper. *Fels* v. *Raymond*, 139 Mass. 98, 100.

There was evidence from which the presiding justice might well find the witness Porter to be an expert in regard to the

quality and principal component parts of flour. He had been a miller for more than twenty years, and had been accustomed to use a process for analyzing flour that was also used by others more or less. The fact that he was not a practical chemist would not necessarily make his testimony valueless.

The time — nearly three years — which had elapsed between the sale of the flour to the plaintiff and the examination of it by the witness, did not render the evidence incompetent. There was testimony that there would be but little change in the flour if it was properly kept.

It is by no means clear that the specimens of other flour, in connection with other testimony of Porter in regard to it, might not properly have been used in evidence by way of illustration, but if we assume that they could not, the defendants have no ground of exception. Very soon after the beginning of the testimony, the judge, of his own motion, excluded the specimens of flour from the consideration of the jury, and all testimony in regard to them was stricken out. The defendants made no objection, and took no exception to the exhibition of these specimens, but their objections and exceptions were on general grounds to receiving the testimony of the expert at all. Nothing was said by the witness in regard to the specimens excluded, and the only complaint of the defendants is that they were in the hands of the witness, and were shown to the jury with a specimen of the flour sold by them. But as soon as the judge interfered the exhibits of the other flour were withdrawn, and they were not afterwards seen by the jury nor referred to by the parties. There is nothing to indicate that the defendants were in any way prejudiced by the course of the trial.

*Exceptions overruled.*