SUNSET TELEPHONE & TELEGRAPH CO. v. CITY OF EUREKA et al.

CITY OF EUREKA v. SUNSET TELEPHONE & TELEGRAPH CO.

(Circuit Court, N. D. California. May 20, 1903.)

No. 13,248.

1. EQUITY—CROSS-BILL—WHEN APPROPRIATE.
    A cross-bill cannot be maintained to enjoin a complainant from exercising the rights asserted and sought to be established by his bill, and which must necessarily be adjudicated in determining the issues joined by the bill and answer.

2. SAME—DISCOVERY.
    The right of a defendant to obtain a discovery by a cross-bill is limited to such material facts as relate to his own case, and does not extend to a discovery of the manner in which, or the evidence by means of which, the complainant's case is to be established.

In Equity. On demurrer by complainant Sunset Telephone & Telegraph Company to cross-bill of defendants.

E. S. Pillsbury, for complainant Sunset Telephone & Telegraph Co.
A. J. Monroe, J. H. G. Weaver, and E. P. Campbell, for respondents the City of Eureka and others.

BELLINGER, District Judge. The Sunset Telephone & Telegraph Company brings this suit against the city of Eureka, Cal., the mayor, the city council, and its members, to restrain them from interfering with or hindering the company in the construction, maintenance, or operation of its lines of telephone and telegraph in the said city of Eureka.

The defendants in their answer to the bill of complaint make a complete defense as to all the matters alleged upon which the complainant's right to the relief prayed for depends, and upon so answering they file their cross-bill, alleging the matters set forth in their answer, and pray for the affirmative relief of an injunction enjoining the complainant from constructing, maintaining, or operating, etc., its poles or lines of telephone or telegraph in the city of Eureka, for local or intrastate business, without first obtaining permission to do so under certain ordinances of the city. The cross-bill prays that the complainant be required to answer certain inter-

¶ 2. See Discovery, vol. 16, Cent. Dig. § 9.

rogatories therein contained. It is alleged that such discovery is necessary to the defense set up in the answer, and also to the relief prayed for in the cross-bill.

The cross-bill presents no new matter of dispute. The entire subject of controversy is presented in the bill and answer. The complaint of the cross-bill is the defense of the answer, and nothing more, except as to the discovery and affirmative relief prayed for. And this affirmative relief consists in enjoining the company from doing those acts which the company seeks to restrain the city in the exercise of its police power from preventing. The right of the company to erect its poles and build and operate its telegraph and telephone lines in the city will be determined on the questions of fact arising on the bill and answer. When that right is determined, there is an end of the dispute. The idea of the cross-bill is that a decision against the company on its complaint, inasmuch as it denies the relief prayed for and dismisses the complaint, will leave the "whole matter of the relative rights of the contending parties still unsettled," so that without the affirmative relief prayed for in the cross-bill the city will have to resort to an independent suit to enforce its rights. But the order denying the injunction and dismissing the bill of complaint, if made, so far from leaving the whole matter of the relative rights of the respective parties unsettled, will be upon a consideration and determination of those rights. If it is decided that the complainant is not entitled to the relief prayed for, it will be upon the determination that it is without the right claimed. The cross-bill admits of nothing more. The whole matter in dispute having been brought before the court by the answer and completely determined, there will be no room for further adjudication, nor occasion for an injunction to restrain a trespass not threatened, and contrary to what has been adjudged.

The discovery prayed for requires the plaintiff to disclose fully any permission or consent ever obtained by the plaintiff to erect or maintain poles or wires in the city of Eureka; whether the company has more than one line running out of Eureka and Humboldt county; whether messages sent out of the state must go through San Francisco; whether subscribers desiring to telephone to a point out of Eureka must not first ask the central office to connect with the line running out of the city; whether an extra charge is not made for such connection; how long a telegraph instrument has been maintained in the company's office in Eureka for actual use; the exact number of interstate telegrams and interstate telephone messages that have been sent from and received at the office in Eureka each month from January 1, 1901, to July 1, 1902, and the amount received therefor; the exact number of telegraph and telephone messages sent by subscribers in Eureka to the central office to be sent out of the state each month during such period; the exact number of telephone connections made between subscribers in Eureka and points (specifying them) out of the state each month from January 1, 1901, to July 1, 1902; the number of subscribers to the telephone system in Eureka each month from January 1, 1901, to July 1, 1902; the exact number of subscribers who have used the lines of the company

running to their homes or places of business from the central office, for interstate business, during said time; the value of the company's plant, etc.; the gross income from its business in the city of Eureka during each month, and its running expenses from January 1, 1901, to July 1, 1902; the amount expended for improvements and extensions during the year ending July 1, 1902; the gross income from business done within the city from January 1, 1901, to July 1, 1902; the gross income from business done within the county of Humboldt during such period; and the gross income from all intrastate business wherein subscribers in the city have sent or received telephone messages constituting intrastate business between said dates.

To the extent that these matters are material, they relate solely to the plaintiff's case. Whether the plaintiff has ever obtained the right to erect or maintain poles and wires in the city of Eureka, or whether its business is intra or inter state, are questions upon which the plaintiff's right to the relief prayed for depends. The right of the plaintiff in a cross-bill is limited to a discovery of such material facts as relate to his case, and does not extend to a discovery of the manner in which, or the evidence by means of which, the defendant's case is to be established. 1 Daniell's Ch. Pr. 579.

The discovery prayed for in the cross-bill can effect nothing more than a mere negation of the company's case. The defendant has a complete defense on its answer, and it can accomplish no useful purpose of defense to affirm the negative of the matters relied on by plaintiff by means of a cross-bill, or to establish such negative by means of a discovery.

The demurrers to the cross-bill are sustained.