<hr>

THE EROS. .

(District Court, E. D. New York. June 8, 1915.)

ADMIRALTY ☞75—DISCOVERY ☞12—PRODUCTION OF WRITINGS—NECESSITY.
    A libelant's motion for discovery of cablegrams and other messages will not be granted, either under the admiralty or the general equity rules, where the libelant has or can obtain originals or copies of all the messages, and all he could gain by discovery would be to establish the authority of the sender and the receipt of the answers, which facts could be established by depositions taken on commission.
    [Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 559, 586, 587; Dec. Dig. ☞75; Discovery, Cent. Dig. § 13; Dec. Dig. ☞12.]

In Admiralty. Libel by Eugene Higgins against the Eros. On application by libelant for discovery. Application denied.

Duer, Strong & Whitehead, of New York City (Selden Bacon, of New York City, of counsel), for libelant.

Convers & Kirlin, of New York City (L. De Grove Potter and George L. Prettyman, both of New York City, of counsel), for claimant.

CHATFIELD, District Judge. This application is made for what is asserted to be the discovery of certain original cablegrams sent from France, and of certain messages and a letter sent from the United States to the owner of the yacht Eros, whose agent in this country has intervened as claimant. The application is based upon an alleged power of the court of admiralty, proceeding either under its own or the general admiralty rules, or, in the absence of any particular rule, applying the equity rules of the United States (in particular rule 58), to compel the production of any paper, inspection of which may be necessary, and as to which the customary interrogatories, notice to produce, or subpœna duces tecum will not enable the moving party to secure proper information in order to prepare for trial.

It may be assumed that, under circumstances making such action proper, the court might grant the relief of a motion for discovery, in any case where the filing of a suit in equity, brought upon a bill for such discovery, would be unnecessary. But the present motion presents no such situation. The libelant has in his possession, or can ob-

tain from the cable company in the United States, the originals of such messages as were sent by him. He also has the replies received, and in the case of the letter a notice to produce, or a subpœna duces tecum, would enable the libelant to offer on the trial his copy of the letter sent, and, under the circumstances shown, any denial of receipt would be a matter of defense for the claimant.

If the libelant is seeking to prove that the claimant, or an authorized agent, was the party conducting the correspondence in France, and if he is anticipating some evidence indicating that the claimant is not responsible therefor, then the contents of the letters, or the production of the originals for inspection of their contents, would not supply the evidence needed. The only method by which testimony as to the persons engaged in any transaction, as to the signature upon original documents, or the receipt by any particular person of other documents, can be shown, is to take the testimony of those individuals who had to do with the matters in question. In fact, if the authenticity of signature were called in question, after the production of the original documents, the same necessity for taking testimony would result as is now presented in securing evidence that the documents, whose contents are known, were sent by the owner of the boat.

It would seem that the present motion for discovery of papers would result in nothing more than an effort, under authority of the court, to compel the claimant or his proctors to make unnecessary the issuance of a commission. The case of Brown v. Swann, 10 Pet. 497, 9 L. Ed. 508, holding that discovery is as to facts known to one party, and which should be disclosed by him, and which the complainant is unable to prove by other testimony, and also the case of Miller v. Moise (C. C.) 168 Fed. 940, holding that a bill of discovery will not lie where the information can be obtained by the taking of depositions or the use of a subpœna duces tecum, sufficiently indicate that the admiralty and equity rules should not be extended so far beyond even the powers of a bill of discovery as to institute new practices that are inadvisable as general rules. This particular case may present difficulties because of the conditions of war, although there seems to be no question that the libelant may proceed against the boat, inasmuch as he is a citizen of this country and does not come within the rule laid down in the case of Watts, Watts & Co., Ltd., v. Unione Austriaca di Navigazione, etc. (decided in this district May 20, 1915) 224 Fed. 188.

It would appear that the libelant may not need the testimony which he is seeking, if he gives a proper notice to produce and introduces upon the trial the series of correspondence; but if a situation should arise upon the trial, where by the acts of the claimant or his principal the taking of depositions should be necessary, it would be safer, in such extraordinary case, to hold up the trial and issue the deposition than to make a broad anticipatory rule because of the features of this particular suit.

The motion will be denied.