## WOLCOTT v. NATIONAL ELECTRIC SIGNALING CO.

(District Court, D. Massachusetts.   June 7, 1916.)

No. 374.

1. DISCOVERY ⊚⇒13—IN EQUITY—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED.

In a suit in equity in a federal court to enjoin the prosecution of an action at law, complainant is not entitled to discovery from defendant as to facts equally within his own knowledge and which are material in the action at law.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 14;  Dec. Dig. ⊚⇒13.]

2. COURTS ⊚⇒351—FEDERAL COURTS—CONSTRUCTION OF EQUITY RULE.

Equity rule 58 (198 Fed. xxxiv, 115 C. C. A. xxxiv), which permits discovery by means of interrogatories in a pending suit, while it changes the procedure, does not alter the substantive rules governing discovery in equity, nor give any right to discovery which did not previously exist.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924;  Dec. Dig. ⊚⇒351.]

3. COURTS ⊚⇒351—FEDERAL COURTS—CONSTRUCTION OF EQUITY RULE.

While equity rule 58 is not intended to permit either party to obtain disclosure of facts or documents material only to the case of the other, as to facts or documents material as well to the support as to the defense of the cause, it permits either party to interrogate.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924;  Dec. Dig. ⊚⇒351.]

4. COURTS ⊚⇒351—FEDERAL COURTS—CONSTRUCTION OF EQUITY RULE.

The discovery intended by equity rule 58, like that in equity in general, is of the ultimate facts only, material to the support or defense of the cause, and not of mere evidence, or of facts tending to prove the nature of the case.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924;  Dec. Dig. ⊚⇒351.]

5. COURTS ⊚⇒351—IN EQUITY—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED.

Where one party to a suit in equity alleges facts as the basis of his cause of action or defense, the other party is not entitled, by means of interrogatories under equity rule 58, to compel him to testify as to such facts in advance of the hearing.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924;  Dec. Dig. ⊚⇒351.]

In Equity.   Suit by Darwin S. Wolcott against the National Electric Signaling Company, in which R. A. Fessenden, intervened.   On motion by Fessenden to strike out interrogatories filed by Wolcott. Motion allowed.

Weil & Thorp, of Pittsburgh, Pa., and William G. Thompson, of Boston, Mass., for plaintiff.

Choate, Hall & Stewart and Brandeis, Dunbar & Nutter, all of Boston, Mass., for defendant.

Browne & Woodworth and George K. Woodworth, all of Boston, Mass., for intervener.

DODGE, Circuit Judge. The questions to be here considered arise under an intervening petition filed by Wolcott against Fessenden June 3, 1914. A motion to dismiss it was overruled October 20, 1915. The opinion herein of that date sets forth in substance the petitioner's allegations and the relief prayed for. 228 Fed. 811. Reference may be also made here, as it was in that opinion, to the decision of the Court of Appeals for this Circuit (National Electric Signaling Co. v. Fessenden, 207 Fed. 915, 125 C. C. A. 363) in the previous suit at law.

Wolcott is also plaintiff in the bill in equity against the above-named defendant company whereby these proceedings in equity were begun. Fessenden, against whom he brings this intervening petition, was allowed to become also a party complainant in the original suit by a decree herein on November 1, 1912.

His motion to dismiss Wolcott's petition having been overruled as above, Fessenden answered it October 25, 1915. Wolcott then filed these interrogatories to him November 15, 1915, and his present objections and motion to strike them out were filed November 30, 1915.

Wolcott's petition asks for relief as follows: An injunction forbidding Fessenden (1) to prosecute further his suit at law against the defendant company; or (2) to bring any other action against it upon the contracts therein involved; and (3) that all rights under said contracts of all parties therein concerned be determined by this court (i. e., in the present suit in equity).

Exhibit E annexed to Wolcott's petition is a copy of a letter dated September 12, 1908, addressed to Col. John Firth, and signed by Hay Walker, Jr., and by Fessenden. This document was Exhibit C in the suit at law, and is printed in full at 207 Fed. 919, 125 C. C. A. 363. Fessenden claimed in his suit at law that it sets forth the terms of an agreement with the defendant company modifying a former contract or former contracts between the same parties, wherein he and Wolcott were parties of the first part. The Court of Appeals has held that any claims under it must be made by Fessenden and Wolcott jointly, and this court has held, in overruling the above motion to dismiss, that Wolcott's rights are involved in Fessenden's suit at law upon said agreement.

In his suit at law Fessenden contended and introduced evidence tending to show that, as he now alleges in paragraph 5 of his answer to this petition, he acted in Wolcott's behalf and by Wolcott's authority in entering into said agreement; also that Wolcott thereafter ratified and approved it. His answer denies, in the same paragraph, allegations in Wolcott's petition that, if said agreement was made as Fessenden claims, it was made without Wolcott's consent or approval, and allegations that assertions by Fessenden that he communicated said agreement to Wolcott after it was signed and Wolcott consented thereto are falsely made.

Fessenden further contended upon the evidence in the suit at law that, as he now also alleges in paragraph 5 of his answer, in December, 1908, a modification of some of the terms of said agreement E

235 F.—15

was agreed to by him, that in so agreeing he acted by Wolcott's authority, and that Wolcott thereafter ratified and approved what was thus done. His answer to this petition denies, also in paragraph 5, allegations in paragraph 7 of the petition that no such modification was ever made by Wolcott's authority or consented to or approved by him. Fessenden's declaration at law did not expressly allege any such agreement in December, 1908 (see 207 Fed. 924, 125 C. C. A. 363); but since the case was remanded he has so alleged it in an amended declaration (see paragraph 7 of the petition).

Whether or not Wolcott ever authorized, consented to, approved, or ratified the above agreements claimed to have been made on his behalf by Fessenden is therefore at issue between the parties. Wolcott alleges the negative as the principal ground for the relief he asks, and further that he neither desires, approves, nor consents to the attempt made by Fessenden to enforce any such agreements on his account, that he objects to any action or proceedings in that direction, and that the course taken by Fessenden tends to his injury and damage, all of which, so far as material, Fessenden denies.

Wolcott's interrogatories are 56 in number. Nos. 1–25, inclusive, and 32–44, inclusive, relate to the issues above indicated in substance, among the various issues which the pleadings raise. These interrogatories will be first considered.

Interrogatories 1–25 (except 1–3, inclusive, which are merely introductory) are said in the brief on Wolcott's behalf to relate to the question whether Fessenden's act in entering into the alleged contract E was previously authorized by or subsequently ratified by Wolcott. They call upon Fessenden to state upon oath in advance of the hearing (4) whether it is true that in executing Exhibit E he did not act for Wolcott; (5) if not true, under what authority he did act; (6) if under oral statements or instructions, what they were in full; (7) when each statement was made; (8) where; (9) to whom; (10) who was present when each was made; (11) if he acted under any written instrument, document or communication by or on behalf of Wolcott, what it was; (12) annexing copies, if in his possession, or otherwise making "reasonable discovery thereof"; (13) whether it is true that he had no communication with Wolcott between September 11, 1908, and January 1, 1912; (14) if not, when he had such communication; (15) where; (16) annexing, if in writing, each writing or a copy, or otherwise making "reasonable discovery thereof"; (17) whether anything was said in any of them about the "matters set forth in the intervening petition herein"; (18) what; (19) by whom; (20) whether it is true that he had no communication with Wolcott in or before September, 1908, about any action to be taken by him on Wolcott's behalf in executing Exhibit E or any similar agreement; (21) if not, when he had such communications; (22) what they were in substance; (23) whether it is true that he had no such communication with Wolcott after September, 1908; (24) if not, when he had such communications; (25) what they were in substance.

Interrogatories 32–44 are similar in character, and relate, as is said in the brief on Wolcott's behalf, to the subject of the authority, if

any, from Wolcott, under which Fessenden undertook to bind Wolcott to the alleged modification of December, 1908.

[1] Among the objections specified in the motion to strike out, that numbered 2 may be first considered. It is that the above interrogatories relate to facts and documents clearly available to both parties. That such is the fact is obvious; what passed between Wolcott and Fessenden, orally or in writing, is clearly within the knowledge of both so far as appears. No document is alleged to be within Fessenden's exclusive control, nor any fact inquired about to be within his exclusive knowledge. That a bill in equity is not maintainable for the discovery of that regarding which the plaintiff has the same means of information as the defendant is apparently conceded on Wolcott's behalf; and I think rightly, at least when, as here, the suit is to be in a federal court, is not one wherein discovery alone is sought, and is brought for the purpose of withdrawing from a court of law matters of strict legal cognizance. See Brown v. Swann, 10 Pet. 497, 9 L. Ed. 508, and the comments thereon in Colgate v. Compagnie, etc. (C. C.) 23 Fed. 82, 84, 85. There are also strong grounds for believing that the above result must follow from the normal and natural meaning of the term "discovery" (whatever it may have been made to include for the purposes of statutes enacted in other jurisdictions), and that it is essential to discovery properly so called that there be something exclusively or peculiarly within the knowledge or control of the party required to disclose or produce it. See Rosenberger v. Shubert (C. C.) 182 Fed. 411, 418, where reference is made to definitions; The Eros, 224 Fed. 194. No doubt in most cases such exclusive or peculiar knowledge or control would be presumable from the fact that disclosure was being sought from an opposite party. Here the pleadings have made it clear that no such situation exists.

[2] It is contended, however, that no such limitation applies to discovery sought, as by these interrogatories, under rule 58 of the new Equity Rules (198 Fed. xxxiv, 115 C. C. A. xxxiv), but, on the contrary, is negatived by the language of the rule itself, as well as by the authorized interpretation of rules or statutes providing for interrogatories in other jurisdictions.

But, so far as its nature and scope are concerned, I see no reason for regarding the "discovery" to which the title and terms of rule 58 refer as in any respect different from the discovery previously obtainable, though by different methods, according to the principles of equity jurisprudence as recognized in the federal courts. It is the practice only of those courts, in equity cases, with which the new rules purport to deal or could deal. Rule 58 is understood to deal with discovery when sought in a pending equity suit praying relief, by a party to the suit, and for the purposes of the suit. Under the former rules (41–44) the only discovery obtainable in such cases was that to be had by the party bringing the bill, or a cross-bill, and by interrogatories in the bill or cross-bill. The present rule 58 permits either party to obtain it from the other, and by interrogatories independent of the pleadings. The discovery so obtainable is to be of facts or documents material to the support or defense of the cause; but as to such facts

or documents it is still only discovery in equity as formerly understood which is obtainable. The procedure has been altered, but not the substantive rules applying to discovery, nor is any right to discovery given by the new rule which did not formerly exist. This view is understood to have been taken by Judge Brown in a recent case in the Rhode Island district (Speidel Co. v. Barstow Co., 232 Fed. 617), in an opinion dated April 18, 1916. See, also, J. H. Day Co. v. Mountain City Co., 225 Fed. 622, 623.

As to the authorized interpretation of rules or statutes providing for interrogatories between parties in other jurisdictions, I am unable to regard them, speaking generally, as sufficient to affect the conclusions above indicated. In other jurisdictions the limits of discovery obtainable by interrogatories, whether at law or in equity, or under systems not preserving that distinction between the two which the federal courts are required to observe, have been very generally enlarged by statute, as they have not been by any federal statute. It could not be said of the new rules, as was said of Rev. Laws Mass. c. 173, § 57, in Gunn v. N. Y., etc., R. R., 171 Mass. 417, 420, 50 N. E. 1031, 1032, that the discovery provided for is not necessarily "limited to cases in which it would be granted in equity." That the new rules have enlarged the meaning of the term as contended, I am not prepared to believe.

I therefore regard the above objection (2) as well taken.

[3] Objection 1 is that disclosure of facts and documents material to the defense of Wolcott's case is sought, not of facts material to its support.

While rule 58 is not understood as intended to permit either party to obtain disclosure of facts or documents material only to the case of the other, as to facts or documents material as well to the support as to the defense, I think it permits either party to interrogate (but subject to the above limitations, if I am right in holding that they apply generally to all discovery under the rule). Such facts or documents the interrogated party cannot refuse to disclose merely because they are also material on his behalf. Indianapolis Gas Co. v. Indianapolis (C. C.) 90 Fed. 196; J. H. Day Co. v. Mountain City Co., 225 Fed. 622. Of the facts and documents here inquired about as above, many, if not all, if material to the defense, might also be regarded as material to the support of Wolcott's case.

[4] Objection 3, which is that disclosure of evidence instead of facts is sought, and objection 4, that disclosure of Fessenden's entire case to Wolcott before the latter has made out a prima facie case would result, seem to me objections of greater weight.

The disclosure intended by rule 58 is to be, in my opinion, of the ultimate facts only, material to the support or defense of the cause (see rules 25, 30), and not of mere evidence, or of facts tending to prove the nature of the case or the facts upon which it is based. This is a limitation always understood as applying to discovery in equity, and I find no reason to suppose that it has been removed by rule 58. Bispham, Principles of Equity, § 561. And see, since the adoption of the new rules, P. M. Co. v. Ajax, etc., Co., 216 Fed. 634, 636;

Blast Furnace, etc., Co. v. Worth, 221 Fed. 430; J. H. Day, etc., Co. v. Mountain City Co., 225 Fed. 622, 624.

By these interrogatories Wolcott, having full knowledge as above shown, from the proceedings in the suit at law and the pleadings in the present case, what the ultimate facts are which Fesseaden asserts as the basis of the recovery sought by him from the defendant company, bases the present suit upon a denial that those facts are what Fessenden asserts them to be. He then begins his interrogatories with an inquiry whether the truth about them is not the contrary of what Fessenden has asserted as above. Anticipating the negative answer which Fessenden, if compelled to answer, must give, or admit that such assertions are false, he follows this with questions such as he might thereupon put to Fessenden in cross-examination, were Fessenden testifying, at the trial either of the suit at law or of the present case, in support of the facts he has asserted as entitling him therein to recover or defend.

[5] This I cannot regard otherwise than as an attempt to compel a sworn statement by Fessenden, before the trial, of the evidence upon which he expects to rely and of facts which, according to Fessenden, tend to establish the facts upon which his case is based. Such an attempt seems to me forbidden by the above limitations upon the scope of discovery in equity. Fessenden has the right, of which he cannot justly be deprived, to give his own testimony in person before the court which is to pass upon his claim, or in the present suit his defense. If he so gives his testimony in defense, he has a right to give it after, and not before, Wolcott's testimony has been laid before the court. A construction of rule 58 which would deprive him of said rights seems to me a construction to be avoided. I am unable to believe rule 58 intended to afford a means of such deprivation, or that its use for such a purpose can rightly be permitted. It was because of the similar limitation upon the right of inquiry contained in Pub. Stats. Mass. c. 167, §§ 49–56, that the court in Davis v. Mills, 163 Mass. 481, 40 N. E. 852, held the defendant, sued on an alleged oral contract whose existence he denied, not entitled to require the plaintiff, by interrogatories before the trial, to repeat the conversation wherein the alleged contract was claimed to have been made.

Admiralty rules 27, 32 (29 Sup. Ct. xlii), permit either party to interrogate the other before trial, though the term "discovery" is not used. Rule 32 permits a defendant to interrogate "touching any matters charged in the libel or touching any matters of defense set up in the answer." With regard to such interrogatories I have held that, though they are not confined within the limits imposed in the state practice, they are not to be used for the purpose of cross-examining regarding the truth of allegations made in the opposite party's pleadings. The Baker Palmer, 172 Fed. 154, 155. And see Erie, etc., Co. v. Great Lakes, etc., Co., 184 Fed. 349. Such cross-examination is here evidently the main purpose of the interrogatories under consideration; it is not merely an incidental result of interrogatories otherwise proper. In my opinion objections 3 and 4 are well taken.

Objection 5 relates to the remaining interrogatories, 26–31 and 45–

56, inclusive, and is that they "seek disclosure of matters outside the issues raised by the pleadings." They inquire as to the facts concerning the making of Exhibit E and the alleged agreement modifying it in December, 1908, but without raising the question of Fessenden's authority to act for Wolcott therein. The latter question is said, on Fessenden's behalf, to be the sole issue raised by the pleadings. This can hardly be said, whether or not it is the sole issue properly raised, because the petition alleges and the answer denies that Fessenden's assertions regarding the making and modification of Exhibit E are untrue. But the above interrogatories also amount to a cross-examination of Fessenden upon his assertions above referred to, and seem to me open to the objections 3 and 4 above held valid, like the interrogatories first considered and for similar reasons.

As to the suggestions that a main purpose of rule 58 is to shorten trials by obtaining admissions which may render evidence in court unnecessary, this consideration seems to me in any case subordinate to those which have prevented me from considering these interrogatories proper under the rule. I am also unable to believe that the trial of such a case as this would be either shortened or simplified by having Fessenden's testimony before the court in two separate forms, such as would result from requiring answers to these 56 interrogatories.

The motion to strike out is therefore allowed as to all the interrogatories.