KINNEY v. RICE.

(District Court, D. Massachusetts. December 9, 1916.)

No. 412.

1. COURTS ⚙⟝351—FEDERAL COURTS—PRACTICE—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED.

Under equity rule 58 (198 Fed. xxiv, 115 C. C. A. xxiv) a party's right of discovery extends only to facts resting in the knowledge of the adverse party or documents in his possession material to the support of the case of the interrogating party, although the right to discovery as to such matters will not be defeated by the fact that they also involve the ground of defense or action of the interrogated party.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⚙⟝351.]

2. COURTS ⚙⟝351—FEDERAL COURTS—PRACTICE—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED.

To the extent that discovery may be granted as to material matters of fact, it must be limited to inquiry as to the material facts, and does not extend to the disclosure of evidence, or of facts which merely tend to prove material facts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⚙⟝351.]

3. DISCOVERY ⚙⟝8—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED.

As a plaintiff's right of discovery does not extend to the discovery of the manner in which, or the evidence by means of which, the defendant's case is to be established, he is also precluded from ascertaining the names of the witnesses by whom his adversary purposes to prove his case.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. § 10; Dec. Dig. ⚙⟝8.]

4. DISCOVERY ⚙⟝13—MATTERS AS TO WHICH DISCOVERY MAY BE OBTAINED.

A plaintiff cannot require discovery in aid of an action at law of facts of which he has equal knowledge, or equal means of knowledge, with the defendant.

[Ed. Note.—For other cases, see Discovery, Cent. Dig. §§ 23–26; Dec. Dig. ⚙⟝13.]

5. COURTS ⚙⟝351—FEDERAL COURTS—INTERROGATORIES—FORM.

An interrogatory filed under equity rule 58 (198 Fed. xxiv, 115 C. C. A. xxiv) should embrace a single question, and be so framed that it may be clearly seen what the interrogated party is called upon to answer, and if this is not done the court in its discretion should direct that it be not answered.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 924; Dec. Dig. ⚙⟝351.]

In Equity. Bill for discovery by Robert D. Kinney against Elmer C. Rice. On motion by complainant to strike out objections to interrogatories and to require defendant to answer the same. Motion denied.

See, also, 238 Fed. 441.

Robert D. Kinney, of Philadelphia, Pa., pro se.

Patton & Sloan and John S. Patton, all of Boston, Mass., for defendant.

⚙⟝For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BINGHAM, Circuit Judge. November 28, 1913, the plaintiff filed a bill in equity for discovery in aid of an action at law, which he had brought against the defendant, and annexed thereto numerous interrogatories to be answered by the defendant.

The defendant has answered the bill, setting forth, among other things, objections to the interrogatories and his reasons therefor, but now waives his right to insist upon the objection assigned in the seventh paragraph of his answer.

The case is before the court on the plaintiff's motion to strike out the objections taken to the interrogatories and to require the defendant to answer them. The defendant takes the position that the plaintiff's right to discovery is limited to facts within the knowledge of the defendant and to the production of documents in his possession material to prove the plaintiff's case, and does not extend to the discovery of evidence, or of facts which simply tend to prove ultimate facts, or to matters of which the plaintiff has knowledge, or equal means of knowledge, with the defendant, and that he cannot be required to discover facts material to his defense, or the names of witnesses by whom he intends to prove it.

[1-3] Equity rule 58 (198 Fed. xxiv, 115 C. C. A. xxiv) provides that:

"The plaintiff, at any time after filing the bill, and not later than twenty-one days after the joinder of issue, and the defendant at any time after filing his answer, and not later than twenty-one days after the joinder of issue, and either party at any time thereafter by leave of the court or judge, may file interrogatories in writing for the discovery by the opposite party or parties of facts and documents material to the support or defense of the cause. * * *

"The court or judge, upon motion and reasonable notice, may make all such orders as may be appropriate to enforce answers to interrogatories or to effect the inspection or production of documents in the possession of either party and containing evidence material to the cause of action or defense of his adversary."

Since the adoption of this rule it has been held: (1) That "the plaintiff's right of discovery extends only to facts resting in the knowledge of the defendant or documents in his possession material to the support of the plaintiff's case, and the defendant's correlative right of discovery, only to facts and matters material to his defense, and neither is entitled to discovery of an inquisitorial character as to the ground of action or defense of the other, although, as theretofore, the right of such discovery as to matters material to the cause of action or defense of the interrogating party will not be defeated by the fact that such matters also involve the ground of defense or action of the interrogated party"; and (2) that "to the extent that discovery may be granted as to material matters of fact it must be limited to inquiry as to the material facts, and does not extend to a disclosure of evidence or of facts which merely tend to prove material facts" (J. J. Day Co. v. Mountain City Mill Co. [D. C.] 225 Fed. 622; Luten v. Camp [D. C.] 221 Fed. 424; P. M. Co. v. Ajax Rail Anchor Co. [D. C.] 216 Fed. 634); that a disclosure of the "ultimate facts only" can be required (Wolcott v. National Electric Signaling Co. [D. C.] 235 Fed. 224, 228); and that, inasmuch as the plaintiff's right does not extend to the discovery of the

manner in which or the evidence by means of which the defendant's case is to be established (Wolcott v. National Electric Signaling Co. [D. C.] 235 Fed. 224; Sunset Tel., etc., Co. v. City of Eureka [C. C.] 122 Fed. 960; Hooton v. Dalby, [1907] 2 K. B. 18; 1 Danniell's Ch. Pr. 579), he is also precluded from ascertaining the names of the witnesses by whom his adversary proposes to prove his case (Knapp v. Harvery [1911] 2 K. B. 725).

[4] It is also held that, as the right to discovery, in aid of an action at law, depends upon the necessity therefor in the administration of justice, a plaintiff cannot require discovery of facts of which he has equal knowledge or equal means of knowledge with the defendant. Wolcott v. National Electric Signaling Co. (D. C.) (June 7, 1916) 235 Fed. 224; Reynolds v. Fiber Co., 71 N. H. 332, 51 Atl. 1075, 57 L. R. A. 949, 93 Am. St. Rep. 535; Baker v. Biddle, Fed. Cas. No. 764.

[5] An interrogatory filed under this rule should embrace a single question, and be so framed that it may be clearly seen what the interrogated party is called upon to answer, and, if this is not done, the court, in its discretion, should direct that it be not answered. If the interrogatory is so framed, the court can readily determine whether it should or should not be answered, without unnecessary delay or trouble. It is not justified in ordering a party to answer interrogatories not so framed, and thereby require him to take upon himself the burden of being in contempt if he fails to answer fully.

The plaintiff's declaration in the action at law contains allegations that are unnecessary and improper from the standpoint of good pleading. I have carefully examined the plaintiff's interrogatories with reference to the material allegations of the declaration, in the light of the legal principles above stated, and have reached the conclusion that the defendant should not be required to answer any of them. The plaintiff is allowed to withdraw his interrogatories and submit others complying with the requirements herein set forth, provided he does so within 30 days from the filing of this opinion; otherwise, a decree will be entered dismissing the bill.

Motion denied.