## NEW JERSEY·ZINC CO. v. E. I. DU PONT DE NEMOURS & CO., Inc.

(District Court, D. Delaware. March 24, 1926.)

No. 583.

1. **Patents ⬳310(1)—Complaint alleging patent infringement, without stating facts, cannot broaden suit, nor extend plaintiff's rights beyond maximum scope of patents sued on (equity rule 25).**

Even if complaint, based on information and belief, charging infringement of patent without stating facts on which charge is based, meets requirements of equity rule 25, it cannot broaden suit, nor extend rights of plaintiff thereunder beyond maximum scope of patents sued on.

2. **Patents ⬳292—Plaintiff's interrogatories in patent infringement suit, not affirmatively shown by bill to be limited to facts within field occupied by patents, cannot be sustained.**

Plaintiff's interrogatories, in patent infringement suit, not affirmatively shown by bill, or possibly by inspection of patents themselves, to be limited to facts within field occupied, at least prima facie, by patents in suit, cannot be sustained.

3. **Patents ⬳292—Only those facts directly pertinent to issues may be obtained by interrogatories.**

Only those facts directly pertinent to issues may be obtained by interrogatories, and party may not through ,interrogatories inquire for facts outside that field to establish indirectly or circumstantially facts within it.

In Equity. Suit by the New Jersey Zinc Company against E. I. Du Pont de Nemours & Company, Inc. On defendant's objections to interrogatories filed by plaintiff. Objections sustained in part.

John F. Neary and William H. Davis (of Pennie, Davis, Marvin & Edmonds), both of New York City, for plaintiff.

Edwin J. Prindle, of New York City, and J. P. Laffey, of Wilmington, Del., for defendant.

MORRIS, District Judge. To interrogatories filed by the plaintiff in this patent infringement suit of the New Jersey Zinc Company against E. I. Du Pont de Nemours & Company, Inc., the defendant has presented objections. Of these the most fundamental is that the interrogatories, intended presumably to elicit information to support the allegation of infringement, are not restricted to the ascertainment of the existence or nonexistence of facts which would establish infringement, but that, on the contrary, they inquire generally and without regard to the patents in suit to that which defendant does and makes in its lithopone business. [1] The allegation of the bill of complaint with respect to infringement is the bald one, based upon information and belief, that the defendant " * * * did * * * in Essex county, New Jersey, and elsewhere in the United States of America, use and cause to be used, and is now using and causing to be used, methods of manufacturing lithopone embodying the inventions claimed ·and secured by the method claims of said letters patent Nos. 1,411,645, 1,411,646, 1,414,793, and 1,446,637, and in the practice of such methods has produced and is now producing lithopone embodying the inventions claimed and secured by the product claims of said letters patent Nos. 1,411,648 and 1,-446,637 * * * ." If it be assumed that an allegation that a defendant is practicing the methods and producing the product of the patents in suit, but which does not assert by way of charge or otherwise the acts and facts which constitute such practice and identify such product, meets the requirements of equity rule 25, yet it is obvious ·that such generality of pleading can neither broaden the suit nor extend the rights of the plaintiff thereunder beyond the maximum scope of the patents sued upon.

[2, 3] While recognizing the right of a plaintiff in a patent suit to obtain from a defendant or its officers through interrogatories certain facts pertinent to the issue of infringement, it is, likewise, obvious, I think, that any interrogatory seeking facts, to establish infringement, that are not affirmatively shown by the allegations of the bill (or possibly by an inspection of the patents themselves) to be limited to those facts only which fall within the boundaries of the field occupied at least prima facie, by the patents in suit, cannot be sustained. Moreover, it is well established that only those facts directly pertinent to the issues may be obtained by interrogatories, and that a party may not through interrogatories inquire for facts outside that field, in order to establish indirectly or circumstantially the facts that lie within it. J. J. Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622; P. M. Co.

v. Ajax Rail Anchor Co. (D. C.) 216 F. 634, 636; Wolcott v. National Elec. Signaling Co. (D. C.) 235 F. 224; Kinney v. Rice (D. C.) 238 F. 444.

Tested by the foregoing principles, I am of the opinion that interrogatories Nos. 1 to 12, inclusive (No. 3, to which no objection was made, excepted), and No. 22, are faulty, and that the objections thereto must be sustained. The remaining interrogatories of the plaintiff and the objections thereto made by the defendant will abide the agreement of counsel with respect thereto.