## BYRON WESTON CO. v. L. L. BROWN PAPER CO.

(District Court, D. Massachusetts. May 29, 1926.)

No. 2516.

**1. Courts ☞351.**

That facts are material to plaintiff's case does not defeat defendant's right to discovery under equity rule 58, if facts are material to its claim.

**2. Courts ☞351.**

Under equity rule 58, disclosure sought by interrogatories must be of ultimate facts material to support or defense of cause, and not mere evidence.

**3. Patents ☞292—In patent infringement suit, interrogatory whether plaintiff had ever used method covered by patent held proper (equity rule 58).**

In suit to enjoin infringement of patent for making flexible hinged paper, by applying suction or air blast to web before it was set, so as to remove some of pulp, interrogatory whether plaintiff had ever used blast method *held* proper, under equity rule 58.

**4. Patents ☞292—In patent infringement suit, interrogatory whether defendant had ever attempted to use particular method held proper, but further inquiry whether it knew of such attempts by others was improper (equity rule 58).**

In suit to enjoin infringement of patent for making flexible hinged paper, by applying suction or air blast to web before it is set, to remove some of pulp, interrogatory whether plaintiff had ever attempted to use blast method *held* proper under equity rule 58, but further inquiry whether it knew of any such attempts by others was improper.

**5. Patents ☞292—In patent infringement suit, interrogatory respecting use of particular method, if used by plaintiff, held proper (equity rule 58).**

In suit to enjoin infringement of patent relating to method of making flexible hinged paper, by applying suction or air blast to web before it is set, to remove some of pulp, interrogatory asking for certain particulars respecting use of blast method, if used by plaintiff, *held* proper under equity rule 58.

In Equity. Patent infringement suit by the Byron Weston Company against the L. L. Brown Paper Company. On plaintiff's motion to strike out defendant's interrogatories. Motion denied in part, and allowed in part.

J. Stanley Churchill, of Boston, Mass., and C. L. Sturtevant, of Washington, D. C., for plaintiff.

Emery, Booth, Janney & Varney and L. E. Varney, all of New York City, for defendant.

BREWSTER, District Judge. The plaintiff sues in equity to enjoin alleged infringement of certain letters patent relating to the method of making flexible hinged paper, which comprises forming thin sections in the paper by applying suction to the web before it is set, so as to remove some of the pulp along a narrow strip, or (in the alternative) by applying an air blast to displace the pulp for the same purpose.

The defendant, in its answer, sets up as one of its defenses that the patent is invalid and void, unless limited to the so-called suc-

tion method, which method, I take it, the defendant does not use.

The defendant has filed interrogatories seeking to discover whether the plaintiff ever has used the blast method (the defendant's method), and, if not, whether it has attempted to use it, or known of any such attempts by others.

If the blast method has been used by the plaintiff, the defendant also asks for certain particulars respecting its use.

Plaintiff has filed a motion to strike out these interrogatories, on the ground that equity rule 58 does not permit a discovery of the facts concerning which the defendant has made inquiries. The scope and effect of the rule has been frequently before the court, and it may be taken as established that its object was to give a defendant the same right which a plaintiff had theretofore enjoyed to discover facts and matters material to his case. Day Co. v. Mountain City Mill Co. (D. C.) 225 F. 622; Wolcott v. National Electric Signaling Co. (D. C.) 235 F. 224. But a complainant never was permitted to obtain disclosures of facts or documents relating exclusively to the defendant's title or ground of defense.

[1] The mere fact that they were material to the plaintiff's case would not defeat the right of discovery, if the facts could also be regarded as material to the defendant's claim. Wolcott v. National Electric Signaling Co., supra; Indianapolis Gas Co. v. City of Indianapolis (C. C.) 90 F. 196.

[2] Another limitation which the courts have imposed upon rule 58 is that the disclosure must be of ultimate facts only, material to the support or defense of the cause, and not of mere evidence, or of facts tending to prove the nature of the case, or the facts upon which it is based. Wolcott v. National Electric Signaling Co., supra; P. M. Co. v. Ajax Rail Anchor Co. (D. C.) 216 F. 634.

In a recent case in this district, it has been suggested that, as the rule was remedial, it was entitled to liberal construction, thereby resulting in "great economies for litigants, counsel, and court." Johnson Automatic Sealer Co. v. Ginn et al., apparently unpublished.

It remains to apply the rule thus construed and limited.

[3] The first interrogatory inquires whether the plaintiff has ever used the blast method, as distinguished from the suction method. Following the suggestion that the rule is to be liberally interpreted, I am inclined to give the defendant the benefit of the doubts I entertain respecting this interrogatory. I am therefore assuming that the plaintiff's use of the so-called "blast method" is an ultimate fact, material to the defendant's case. That it may also be a part of the plaintiff's case does not defeat the defendant's right to discover the fact. The first interrogatory, therefore, may be answered.

[4] The second interrogatory asks if the plaintiff has ever made any attempts to use the blast method. This inquiry may be answered. In the second interrogatory the plaintiff is also asked to state whether any attempts have been made by any one else known to the plaintiff. The plaintiff is not called upon to answer the second part of this interrogatory. At the most, it is only asking for the plaintiff's knowledge of the existence of the ultimate fact, which may be as well within the knowledge of the defendant as of the plaintiff.

[5] The third interrogatory, I think, falls within the scope of rule 58, and should be answered.

The remaining interrogatories call for evidence, rather than ultimate facts, and are beyond the rule.

The plaintiff's motion to strike out defendant's interrogatories is denied as to interrogatory 1, the first part of interrogatory 2, and as to interrogatory 3.

Plaintiff's motion is allowed as to the fourth and fifth interrogatories, and as to the latter part of the second interrogatory, relating to attempted use by persons other than plaintiff.