## THE CODDINGTON.

(District Court, W. D. New York. February 15, 1923.)

**Admiralty ⬤75—Interrogatories relating to facts, but not evidence supporting them permissible.**

The rule of discovery permits interrogatories relating not alone to the nature of the case or the defense, but also to the material facts supporting it, but not to the evidence to establish such facts.

In Admiralty. Suit by John Cunningham against the tug Coddington. On exceptions to libelant's interrogatories. Sustained in part.

Kellogg & Weil, of Buffalo, N. Y., for libelant.

Harold J. Adams, of Buffalo, N. Y., for respondent.

HAZEL, District Judge. Interrogatories indicated by (a), (b), and (c) should be answered by respondent. Although it is contended that the information sought is within the knowledge of libelant, and, indeed, that the libel itself embodies affirmative allegations in relation thereto, still the discovery bears upon respondent's defense,

and the answer no doubt will tend to narrow the issue.

Interrogatories (d) to (k), inclusive, except (j), should be also answered. While the answers perhaps strictly relate to matters of defense, yet this fact does not bar discovery by libelant in relation thereto. The rule of discovery permits the ascertainment relating not alone to the nature of the case or the defense, but also the material facts supporting it. It is true that the evidence to establish the defense need not be set forth, but the interrogatories merely require information, so that the case may be properly prepared and presented. Marquette v. Oglesby (D. C.) 247 Fed. 351.

Interrogatories (j), (l), and (m) are directed to the evidence by which certain defenses are sustainable, and therefore they need not be answered.

The order heretofore made, requiring libelant to give direct answers to four interrogatories propounded by respondent, should be answered.

So ordered.